## POWERS MFG. CO. v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Eighth Circuit.
July 23, 1929.

No. 8235.

John T. Sullivan, of Waterloo, Iowa (Jeffery G. Sullivan, of Waterloo, Iowa, on the brief), for appellant.

Andrew D. Sharpe, Sp. Asst. to Atty. Gen. (Mabel Walker Willebrandt, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., on the brief), for appellee.

Before KENYON, Circuit Judge, and JOHNSON and McDERMOTT, District Judges.

JOHNSON, District Judge. The only matters for consideration on this review are the claimed absence from the record of any substantial evidence supporting the findings of the Board of Tax Appeals. 7 B. T. A. 786.

It is settled law that this court must accept the findings of facts made by the board, where there is any substantial evidence to sustain them. Avery v. Commissioner of Internal Revenue (C. C. A.) 22 F.(2d) 6, 55 A. L. R. 1277; Royal Packing Co. v. Commissioner of Internal Revenue (C. C. A.) 22 F.(2d) 536; Mastin v. Commissioner of Internal Revenue (C. C. A.) 28 F.(2d) 748; Kendrick Coal & Dock Co. v. Commissioner of Internal Revenue (C. C. A.) 29 F.(2d) 559; Feeders' Supply Co. v. Commissioner of Internal Revenue (C. C. A.) 31 F.(2d) 274.

The matters decided adversely to petitioner are:

1. Couch Mills Company matter: Petitioner claims that the several advancements making up the account should have been allowed by the board as costs of merchandise. The board found that the advancements were loans by petitioner to the Couch Mills Company, a corporation. This finding is amply sustained by the evidence. Walter D. Couch, president of the Couch Mills Company, called as a witness by petitioner, testified:

"It was intended to pay that money back, because I recall a note was given for a part of it, and Powers did not want to let us have the money. He frequently requested payment and stated that he needed it. We were unable to pay because we didn't have it. There was none of the money ever paid back to the Powers Manufacturing Company. The debt was finally canceled by an issuance of stock."

"At the time in 1917, when the first advance was made by the Powers Manufacturing Company, the Couch Mills Company was engaged in erecting the buildings. It was not manufacturing goods at that time. The amounts advanced to the Couch Mills Com-

pany at the time was treated as a loan. They were carried as liabilities of the company."

L. J. Powers, president of petitioner Powers Manufacturing Company, testified:

"There was no understanding made with them, only we would put up the money and they would furnish the material and they hoped to give us that money back that they would make enough profit out of the handling of all these contracts to pay us that money back that we advanced. * * * We were to pay them for the material and they were to pay this money back."

No claim was made before the board, or is made here, for the deduction of these advancements as bad debts, or as the purchase price of worthless stock of the Couch Mills Company.

■ 2. The second matter involves advancements made by petitioner to the Iowa-Alabama Farms Company, a corporation, over a period of years. It appears that the advancements of each year were regularly charged off as worthless by petitioner at the end of the year in which the respective advancements were made. It appears, too, that the Iowa-Alabama Farms Company, at all the times the advancements were charged off as worthless, owned and still owns real estate, and that petitioner up to the time of the hearing before the board still continued to make advances to it. Under these circumstances, the board held, and we think with good reason, that petitioner's acts spoke louder than its words. It is reasonable to believe that the Iowa-Alabama Farms Company would have gone out of business long ago, if in the opinion of petitioner it had been as hopelessly insolvent as it is now claimed it was from 1918 to 1921, and since. At least, this was the conclusion of the board, and we may not set aside its findings. As said in Avery v. Commissioner of Internal Revenue, supra, "We are not at liberty to substitute our opinion for that of the board on the facts shown on the record even if we were disposed to do so." The claimed worthlessness of the stock of the Iowa-Alabama Farms Company held by petitioner must be tested by the same facts and requires no further consideration.

■ 3. The third matter complained of relates to the refusal of the board to allow the loss on sale of Liberty Bonds to be charged against income for the year ending July 31, 1920. As the record shows that the bonds were not sold until August 2, 1920, the board had no other alternative. If the bank actually sold the bonds for petitioner's account in July, and the August dates were only matters of bookkeeping, as argued by petitioner, the burden of proof was on petitioner to prove the fact. Having failed to do so, it may not now be heard to complain.

We find no error in the record, and the petition for review is dismissed.