## NICHOLS v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4313.

Circuit Court of Appeals, Third Circuit.

Oct. 11, 1930.

158

Wm. W. Booth and W. A. Seifert, both of Pittsburgh, Pa. (Smith, Shaw, McClay & Seifert, of Pittsburgh, Pa., of counsel), for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and J. Louis Monarch and Harvey R. Gamble, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Shelby S. Faulkner and E. Riley Campbell, Sp. Attys. Bureau of Internal Revenue, all of Washington, D. C., of counsel), for respondent.

Before BUFFINGTON and DAVIS, Circuit Judges, and JOHNSON, District Judge.

DAVIS, Circuit Judge.

This case is here on a petition to review the order of redetermination of the Board of Tax Appeals affirming the determination of the Commissioner of Internal Revenue.

The petitioner is an attorney at law residing in Waynesburg, Greene county, Pa. In October, 1920, he negotiated a sale to the General Investment Company of West Virginia, hereinafter called the company, of approximately 6,347 acres of undeveloped coal land situated in Marshall county, W. Va. In payment of the purchase price and commissions on the sale of the property, the company gave $29,140 of its notes, $525,000 of its bonds, and $71,804 in cash. The bonds were dated August 15, 1920, bore interest at 6 per cent., and matured over a period of seven years; $70,000 maturing each year for six years and the balance of $105,000 maturing

the seventh year. They were secured by a deed to the property purchased.

The petitioner owned 46.5 acres of the land and sold it to the company with the other land for $4,625 in cash and for this he made a return in his income tax return for 1920. He further received from the company as commissions on the sale made through him three of the promissory notes of the company of a total face value of $14,000, dated August 15, 1920, and payable August 15, 1927, bearing interest at 6 per cent. and $11,000, face value, of the company's bonds also maturing on August 15, 1927. No interest has been paid on these notes or bonds since 1923.

Section 213 of the Revenue Act of 1918 (40 Stat. 1065) provides:

"That for the purposes of this title * * * the term 'gross income'—

"(a) Includes gains, profits, and income derived from salaries, wages, or compensation for personal service * * * of whatever kind and in whatever form paid."

Article 33 of Regulations 45, then in force, provides that, "Where services are paid for with something other than money the fair market value of the thing taken in payment is the amount to be included in income." The petitioner did not include these bonds in his income tax return for 1920 for the reason that they had no market value.

It is admitted that the notes had no market value in 1920, when they were taken by the petitioner, but the Commissioner says that the bonds had a market value of $11,000 and on an audit of the petitioner's income tax return for 1920 he included the face value of these bonds of $11,000 and this caused a deficiency. The petitioner appealed to the Board of Tax Appeals. It sustained the Commissioner's determination and the question of the market value of the bonds in 1920 has been brought here for review.

The determination of the Commissioner is prima facie correct and must stand unless overcome by substantial evidence. United States v. Anderson, 269 U. S. 422, 46 S. Ct. 131, 70 L. Ed. 347; United States v. Mitchell, 271 U. S. 9, 46 S. Ct. 418, 70 L. Ed. 799; Wickwire v. Reinecke, 275 U. S. 101, 48 S. Ct. 43, 72 L. Ed. 184. It is likewise true that value is a question of fact and the finding of the Board of Tax Appeals must be sustained if based upon any substantial evidence. Avery v. Commissioner (C. C. A.) 22 F.(2d) 6, 55 A. L. R. 1277; Blair v. Curran (C. C. A.) 24 F.(2d) 390; Henderson Iron Works & Supply Co. v. Blair, 58 App. D. C. 114,

25 F.(2d) 538; Bishoff v. Commissioner (C. C. A.) 27 F.(2d) 91; Bedell v. Commissioner (C. C. A.) 30 F.(2d) 622; Powers Manufacturing Co. v. Commissioner (C. C. A.) 34 F.(2d) 255.

The weight of the evidence is a matter for the judgment of the Board of Tax Appeals and it is not bound by the opinions of witnesses as to a fact, but may ignore them and exercise its own independent judgment in reaching its conclusions. Head v. Hargrave, 105 U. S. 45, 49, 26 L. Ed. 1028; The Conqueror, 166 U. S. 110, 131, 17 S. Ct. 510, 41 L. Ed. 937; Idaho Power Co. v. Thompson (D. C.) 19 F.(2d) 547; Boggs & Buhl v. Commissioner (C. C. A.) 34 F.(2d) 859, 860. But the Board itself must have experience or facts and knowledge upon which it may predicate a judgment of its own when it ignores the opinion of prominent witnesses who live in the community and know the history of the bonds and the property securing them.

Mr. T. Riley Huffman, a broker dealing in coal properties in that section; Mr. H. B. Lockwood, who lived in Wheeling thirty-five years, secretary and treasurer of several corporations, including the General Investment Company and president of one or two; Mr. Henry L. Abell of Waynesburg, connected with Cassatt & Company, Philadelphia bankers and with the Citizens' National Bank of Waynesburg; James H. Sigafoose, vice president and cashier of the Marshall County Bank with which he had been connected for twenty-five years—all testified in substance that the bonds in question had no market value in 1920, were not acceptable as collateral security, and none of them were paid at maturity. This testimony overcame the presumption arising from the determination of the Commissioner. The burden then shifted to the Commissioner to support his determination by evidence, and this he did not do nor attempt to do, and accordingly his determination cannot stand. United States v. Rindskopf, 105 U. S. 418, 26 L. Ed. 1131; Thompson Pottery v. Routzahn (D. C.) 25 F.(2d) 897; Flannery v. Willcuts (C. C. A.) 25 F.(2d) 951; Briggs Manufacturing Co. v. United States (D. C.) 30 F.(2d) 962.

The Board of Tax Appeals disregarded all the positive and affirmative evidence in the case. Its own findings are not predicated upon any substantial evidence, and therefore its redetermination is set aside, the determination of the Commissioner reversed, and the income tax return of the petitioner approved.