## COMMISSIONER OF INTERNAL REVENUE v. CRESCENT LEATHER CO.

### No. 2389.

Circuit Court of Appeals, First Circuit.

May 17, 1930.

John H. McEvers, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., Sewall Key and J. Louis Monarch, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Percy S. Crewe, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for the Commissioner of Internal Revenue.

Allison L. Newton, of Boston, Mass., for Crescent Leather Co.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

BINGHAM, Circuit Judge.

The question involved in this appeal is whether the Crescent Leather Company, a Massachusetts corporation, and the Buckman Tanning Company, also a local corporation, were entitled to be affiliated for the tax year 1920 within the meaning of the Revenue Act of 1918, c. 18, § 240 (b), 40 Stat. 1057, 1082. If they were not so entitled, the Crescent Leather Company was subject to a deficiency tax of $60,453.65. If they were so entitled, the Buckman Tanning Company having sustained a loss that year of $118,- 408.63, the deficiency tax would be $4,733.46. The Commissioner held that the two corporations were not entitled to be affiliated, and assessed a deficiency tax in the sum of $60,453.- 65; but, on appeal to the Board of Tax Appeals, that Board held that the two corporations were entitled to be affiliated, and ordered a deficiency of $4,773.46; and the Commissioner appealed to this court.

In his assignments of error, the Commissioner complains that the Board erred (1) as a matter of law in holding that the two corporations were affiliated within the meaning of section 240 of the Revenue Act of 1918; (2) in finding as a fact that the two corporations were affiliated within the meaning of that section; (3) in finding as a fact that Kaplan and the Crescent Leather Company controlled the stock of the Buckman Tanning Company that stood in the name of Alvah Buckman; (4), (5), and (6) in that its finding that the stock of the Buckman Tanning Company that stood in the name of Alvah Buckman was controlled by Kaplan and the Crescent Leather Company, or by Kaplan, or by the Crescent Leather Company, is not supported by the evidence; (7) in determining the deficiency against the Crescent Leather Company to be $4,733.46; and (8) in not determining the deficiency against the Crescent Leather Company to be $60,453.65.

The Board of Tax Appeals found that during the years 1919 and 1920 Kaplan owned 99 per cent. of the stock of the Crescent Leather Company; that in 1919 that company had hides which it desired to have tanned by the Buckman Leather Company; that this company was in financial difficulties, and it was feared that it might be unable to complete the tanning of the hides; that thereupon Kaplan entered into an arrangement with Buckman, who owned the Buckman Leather Company, whereby Kaplan paid the debts of the Buckman Leather Company up to the first mortgage; that then a new company, the Buckman Tanning Company, was organized, which took over the assets of the Buckman Leather Company; that the entire stock of the new company was issued to Kaplan and Buckman in equal amounts; that Kaplan loaned the new company about $175,- 000, and in addition advanced money to Buckman for his own private use, as he was without funds; that, when the new company was organized, several contracts were exe-

cuted; that the first contract was between Kaplan and the new company, and provided that Kaplan would be employed as its general manager for five years from August 1, 1919; that no act should be done by the new company affecting its general policy except with the approval of Kaplan or the Crescent Leather Company, but that neither should determine "who shall be the officers of the said corporation, nor matters connected with or affecting the contracts of said corporation with the Crescent Leather Company, nor the matter of terminating the contract of Alvah Buckman, nor defining the duties of said Buckman"; that the second contract provided that, in the event of the death or incapacity of Kaplan, the Crescent Leather Company should determine the general policy of the new company for a like period of time as was given to Kaplan in the first contract, and subject to the same exceptions; that the third agreement was between the new company and Buckman, and provided that he should be employed for five years from August 1, 1919, as manager of the tanning and finishing at the plant, with no authority to buy or sell hides, skins, or leather, or to make agreements for tanning or finishing, except with the approval of Kaplan or his successors in interest; that a fourth contract, between the new company and the Crescent Leather Company, was made, which covered a period of five years from August 1, 1919, and provided for the work to be performed by the new company for the Crescent Leather Company and the price to be paid therefor.

It was also found that on August 1, 1919, Kaplan signed a statement, wherein he declared "that he held for the benefit of the Crescent Leather Company all shares or benefits derived or obtained and to be derived or obtained by him from the Buckman Tanning Company or Alvah Buckman, particularly under the agreements heretofore cited, and that the Crescent Leather Company agreed to indemnify Benjamin J. Kaplan of or from any liability or loss on account of said agreements"; that on August 6, 1919, Buckman signed an agreement which provided that he would pay the debts of the Buckman Leather Company [the old company] "in excess of certain specified obligations and amount, out of the first profits of the Buckman Tanning Company, otherwise payable to him and that his stock would stand as security for the performance thereof"; and that during the year 1920 the new company suffered a loss from operations amounting to $118,408.63.

It was further found that the two companies were operated as one enterprise; that the office manager of the Crescent Company acted as bookkeeper and general financial man for the new company; that the books and records of both companies were kept in the office of the Crescent Company; that the evidence disclosed that Kaplan exercised actual control over the business of the new company; that the interests of Buckman were so dependent upon the support of Kaplan and the business of the Crescent Company, and his rights and activities were so controlled by the agreements to which he was a party, that in effect he became no more than an employee of the new company, who was entitled to share in the profits of the business that remained after certain liabilities were paid on his account; and that the stock standing in Buckman's name was voted in accordance to Kaplan's direction, and that in every substantial way Kaplan and the Crescent Company controlled the stock.

Having made these findings, the Board ruled that the two corporations were entitled to be affiliated and to file consolidated returns.

The hearing before the Board was had on June 19, 1928, and the above findings of fact and ruling of law were rendered October 11, 1928. The petition for review was filed June 13, 1929, the order of redetermination having been entered December 19, 1928.

Counsel for the Commissioner in his brief has failed to take into account certain material findings of fact made by the Board in this case, because they appear under the heading "opinion" rather than under the heading "findings of fact" in the Board's report, as though findings so reported were not to be considered. This is plainly not so, especially since the enactment of the Revenue Act of 1928 (May 29, 1928), amending sections 906 and 907 (a) and (b) of the Revenue Act of 1924, as amended in 1926. See section 601, c. 852, of the Revenue Act of 1928, 45 Stat. pp. 871, 872 (26 USCA §§ 1217-1219). Since the amendment of 1928, findings of the Board made subsequent to the enactment of the act of 1926 must appear in the report, but may be included, wholly or in part, in the opinion; and such apparently has been the practice of the Board since that time. See, also, House Reports, vol. 1, No. 2, p. 30, 70th Congress, 1st Session.

The petition for review does not include a transcript of the evidence submitted to the Board of Tax Appeals. This being so, the questions which the Commissioner seeks to raise by his assignments of error numbered 2, 3, 4, 5, and 6 are not before us,

for we are in no position to say whether there was or was not evidence to support the facts found. This court, on a petition for review of a decision of the Board of Tax Appeals, considers only questions of law; and the questions of law which the Commissioner seeks to raise by the above-named assignments depend wholly upon whether there was any evidence before the Board from which the findings complained of could have been made. Blair, Commissioner, v. Curran (C. C. A.) 24 F.(2d) 390; Avery v. Commissioner (C. C. A.) 22 F.(2d) 6, 55 A. L. R. 1277; Brown v. Commissioner (C. C. A.) 22 F.(2d) 797; De Ford v. Commissioner (C. C. A.) 29 F. (2d) 532.

■ The answers to the questions raised by the seventh and eighth assignments depend upon the decision of the question presented by the first assignment, viz. whether on the facts found by the Board it erred in holding that the Crescent Leather Company and the Buckman Tanning Company were entitled to affiliate within the meaning of section 240 of the Revenue Act of 1918.

The Revenue Act of 1918, c. 18 (40 Stat. 1057, 1082), provides:

"Sec. 240 * * * (b) For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests."

Treasury Department Regulations 45 (1920 Edition) provide in article 633, in part, as follows:

"Corporations will be deemed to be affiliated (a) when one domestic corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others. * * * The owning or controlling of 95% or more of the outstanding voting capital stock (not including stock in the treasury) at the beginning of and during the taxable year will be deemed to constitute an affiliation within the meaning of the statute."

As the facts found show that, during the taxable year 1920, the Crescent Leather Company, through its president and treasurer, controlled by ownership, contract, and otherwise all the voting stock of the Buckman Tanning Company, the two corporations were entitled to be affiliated and file a consolidated return. The Board, therefore, did not err

in determining the deficiency to be $4,733.46 instead of $60,453.65.

The decision or order of the Board of Tax Appeals is affirmed.