**DARLING v. COMMISSIONER OF INTERNAL REVENUE.**

No. 3114.

Circuit Court of Appeals, Fourth Circuit.

April 13, 1931.

WEBB, District Judge, dissenting.

J. Winston Read, of Newport News, Va., for petitioner.

J. P. Jackson, Sp. Asst. to Atty Gen. (G. A. Youngquist, Asst. Atty. Gen., Sewall Key, Sp. Asst. Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and William E. Davis, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for respondent.

Before NORTHCOTT, Circuit Judge, and WEBB and GLENN, District Judges.

NORTHCOTT, Circuit Judge.

This petition is brought to review a decision of the United States Board of Tax Appeals rendered in an appeal to the board by petitioner from a decision of the commissioner proposing to assess additional income taxes against the petitioner in the amount of $10,800 on account of an alleged deficiency for the fiscal year ended June 30, 1924.

In 1906, petitioner and his associates purchased what was then known as the Radical Remedy Company, acquiring certain machinery, printing presses, formulas and recipes, and some material, paying $10,000 in cash for same. Petitioner took $3,000 worth of stock and paid for it at par, and afterwards advanced various sums to the corporation, for which sums stocks were issued to him, amounting to $44,300. The name of the company was changed to Rydale Remedy Company, and manufactured twenty-five or thirty different articles under its trade-name. Large sums were spent in advertising, but the company never made any profits, and in 1918 ceased active operation, and efforts were made to dispose of the assets of the corporation. In 1924, the remaining property of the company was disposed of and the charter surrendered.

In 1918, the other stockholders abandoned hope of ever making a success of the business, and surrendered all property and claims to the petitioner to get what he could out of the company, in order to reimburse him for his investment and for a note of the company, which he had paid for $4,300.

In the income-tax return of the Rydale Company for 1919, signed by petitioner, as president, and by the treasurer, it was stated that, "This concern has done no business during the past year and is defunct; but the charter has not been surrendered."

In the capital-stock tax return filed by the Rydale Remedy Company for 1920, under the heading "Fair value of total capital stock for the fiscal year determined by exhibit," such fair value is reported as "nothing."

In the company's capital-stock tax return for the year 1921 and on page 1 of such return under the heading "Common stock outstanding June 30, 1920," there is shown "$19,000," under which is written "worthless." On page 2 of the return the following is written across the face of the page:

"As reported last year this company has done no business since 1918.

"It is defunct."

In the capital-stock tax return for the year 1922 the stock of the company is again reported as worthless; likewise in the capital-stock return for the year 1924.

Petitioner claimed that in the year 1918, he contemplated claiming his loss in the company as a deduction from his income for that year, but that he was prevented from doing so by a government revenue agent, who checked up his return for 1918, and told him that he could not take the loss in 1918, until the business of the company was a closed transaction. In 1924, petitioner claimed this loss as a deduction from his income for that year. The Commissioner of Internal Revenue disallowed the amount of the deduction, and the Board of Tax Commissioners upheld the action of the commissioner, and this petition was filed.

The statute applicable to this issue is section 214 (a) (5) of the Revenue Act of 1924, 26 USCA § 955 (a) (5), which section provides as follows:

"Sec. 214. (a) In computing net income there shall be allowed as deductions: * * *

"(5) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business. * * * "

Treasury Regulations applicable to the issue here involved provide as follows:

"Regulations 45.

"Art. 141. *Losses*—Losses sustained during the taxable year and not compensated for by insurance or otherwise are fully deductible * * * if (a) incurred in the taxpayer's trade or business, or (b) incurred in any transaction entered into for profit, or (c) arising from fires, storms, shipwreck or other casualty, or from theft. They must usually be evidenced by closed and completed transactions. * * * "

"Art. 144. *Shrinkage in Securities and Stocks*—A person possessing securities, such as stocks and bonds, cannot deduct from

gross income any amount claimed as a loss on account of the shrinkage in value of such securities through fluctuation of the market or otherwise. The loss allowable in such cases is that actually suffered when the securities mature or are disposed of. * * * "

As we see it, the sole issue involved is whether the loss occurred in the year 1924. The Board of Tax Appeals found that it did not, nor do we see how it could have held otherwise. The loss claimed is for the money invested in the stock, and as far as the evidence shows this was a total loss in the year 1918. In that year all the other stockholders abandoned hope and surrendered their interest to the petitioner. That petitioner realized the situation is shown by the return made by him for the company, as its president. What little assets were on hand were not sufficient to pay the liabilities of the company, and it was clear that nothing would be paid to the stockholders. The company never was a success, never paid any dividends, and to say that the loss on the stock did not occur until the year 1924, is not to be considered.

To allow a taxpayer to select the year in which to deduct a loss, and select a year (six years) after the loss has become apparent, would be clearly inconsistent with the law. There was ample evidence to support the findings of the Board of Tax Appeals that the loss did not occur in the year 1924. As has been repeatedly held by this court, findings of the Board of Tax Appeals, supported by evidence, will not be disturbed on appeal. Ox Fibre Brush Co. v. Commissioner of Internal Revenue (C. C. A.) 32 F.(2d) 42, 68 A. L. R. 696; Atlantic Coast Distributors v. Commissioner of Internal Revenue (C. C. A.) 33 F.(2d) 733; Guy v. Commissioner of Internal Revenue (C. C. A.) 35 F.(2d) 139; Anchor Co., Inc., v. Commissioner of Internal Revenue (C. C. A.) 42 F.(2d) 99.

The deduction should have been made by petitioner in the year 1918, when the stock became worthless.

"A loss may be said to be actually sustained in a given year if, within that year, it reasonably appears that such stock has, in fact, become worthless." Royal Packing Co. v. Commissioner (C. C. A.) 22 F.(2d) 536, 538.

Petitioner relies upon the case of United States v. White Dental Co., 274 U. S. 398, 47 S. Ct. 598, 71 L. Ed. 1120, but we are of the opinion that if this decision affects the instant case in any way it is against the contention of petitioner.

In Avery v. Commissioner (C. C. A.) 22 F.(2d) 6, 7, 55 A. L. R. 1277, the court was dealing with debts ascertained to be worthless, but the principles announced therein are applicable here; the court saying: "A man is presumed to know what a reasonable person ought to know from facts brought to his attention. A taxpayer should not be permitted to close his eyes to the obvious, and to carry accounts on his books as good when in fact they are worthless, and then deduct them in a year subsequent to the one in which he must be presumed to have ascertained their worthlessness. To do so would enable him to withhold deductions in his less prosperous years, when they would have little effect in reducing his taxes, and then to apply the accumulation at another time to the detriment of the fisc. This would defeat the intent and purpose of the law."

The contention of petitioner that he was prevented from taking the deduction in the year 1918, the year in which the loss occurred, by the advice of a revenue agent, cannot avail him. The government is not bound by the acts of the agents acting beyond the scope of their authority, and to allow revenue agents, who are assisting taxpayers for their convenience, to bind the government on a question of law, would be plainly and clearly improper.

The petitioner sustained the loss, and was entitled to deduction from his income at the proper time, but he cannot deduct it for the year 1924. This may seem to work a hardship on the taxpayer, but the only thing that the court can do is to interpret the laws as they find them. The situation might appeal to the discretion of the Commissioner of Internal Revenue, if such discretion exists, to afford, to some extent, relief to the taxpayer, but as was said by Mr. Justice Stone in the case of Burnet, Commissioner, v. Sanford & Brooks, 282 U. S. 359, 51 S. Ct. 150, 152, 75 L. Ed. ——, decided January 5, 1931: "The assessment was properly made under the statutes. Relief from their alleged burdensome operation which may not be secured under these provisions, can be afforded only by legislation, not by the courts."

The action of the Board of Tax Appeals is affirmed.

WEBB, District Judge, dissents.