## FRANKLIN LUMBER & POWER CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 3140.

Circuit Court of Appeals, Fourth Circuit.

June 17, 1931.

J. H. Bridgers, of Henderson, N. C., for petitioner.

Wm. Cutler Thompson, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and William E. Davis, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for respondent.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

This petition is brought to review a decision of the United States Board of Tax Appeals. 18 B. T. A. 1207. The appeal involves income taxes for the year 1923, in the sum of $506.26. As found by the Board of Tax Appeals, the facts are as follows:

The petitioner, a North Carolina corporation, was organized in March, 1912, and has its principal office at Franklinton. About the time of incorporation, the petitioner acquired at the price of $4,000 a plant for the manufacture of lumber, for which it paid $1,500 in cash and $2,500 par value of its capital stock of $8,000.

During 1912, the petitioner constructed an electric light plant, which contained a dynamo and other generating equipment. Contracts were obtained for lighting residences and the streets of the town. After testing out the equipment and remedying defects in connections and elsewhere, the petitioner began uninterrupted service to its customers about September 1, 1912. Petitioner also put into the business $5,000, borrowed capital.

After operating for little more than a year, the petitioner, in 1913, sold the lumber manufacturing plant and certain equipment, used in connection with its electric light plant, at the sale price of $3,000, discontinued the generation of electricity, and thereafter obtained its current from a company which had a hydroelectric line near by, and continued in the lighting business. The Board of Tax Appeals further found that during the period from 1912 to 1922, inclusive, the income of petitioner, after deducting dividends, showed net profit of $5,419.63.

Petitioner's plant was sold in 1923 for the sum of $17,000. When petitioner began the operation of the electric light plant in 1912, it had fifty-seven customers, and when its plant was sold in 1923, the number of customers had increased to two hundred sixty-three. Certain sums were deducted for depreciation of the plant, when petitioner made its annual returns.

It has been repeatedly held by this court that findings of the Board of Tax Appeals, supported by evidence, will not be disturbed on appeal. Darling v. Commissioner, 49 F.(2d) 111, decided April 13, 1931, and authorities there cited. The decision of the Board of Tax Appeals, in deducting the aggregate amount of depreciation claimed during the years the property is held, is not only supported by the evidence, but, in our opinion, is clearly right. United States v. Ludey, 274 U. S. 295, 47 S. Ct. 608, 71 L. Ed. 1054.

But where there is no evidence to sustain the finding of the Board the courts will set such finding aside. Here the Board refused to make any allowance other than $1,000 for additions or extensions to the plant of petitioner during its existence from 1912 to 1923. This action of the Board, based on the theory that the testimony respecting the expenditures for additions and extensions was indefinite and uncertain, is, in our opinion, based upon an erroneous conclusion of law. The evidence of the only witness before the Board clearly showed that most of the available funds of the taxpayer, after paying back $5,000 of borrowed money, went into extensions and additions, including $3,000 received from the sale of a portion of the original plant, the net profits of the business (except $4,800 paid out in dividends), and the amounts deducted for depreciation in the taxpayer's returns. This testimony is amply supported by the annual returns of petitioner. The number of customers increased from fifty-seven to two hundred sixty-three. The testimony was direct and positive that it cost petitioner the average of $40 per customer to put in the necessary additions to the plant to serve each customer, and that the addition necessary to supply one customer, a college, cost between $1,000 and $1,200, yet, the Board only allowed for additions and expenditures the total sum of $1,000. Certainly, there is nothing "indefinite" and "uncertain," to use the language of the Board in its opinion, about this testimony. The money was earned, and was not paid out for any other purpose. There is no suspicion of bad faith on part of petitioner, nor is there anything in the record that would justify such suspicion. It seems to us clear that an allowance should have been made to petitioner of $8,200 instead of the sum of $1,000 that was allowed, making a difference of $7,200.

The action of the Board of Tax Appeals was in this respect erroneous, and the case is remanded, with instructions to correct its findings, in accordance with this opinion, by allowing the petitioner $7,200 additional for additions and extensions.

Reversed.