## COMMISSIONER OF INTERNAL REVENUE v. CONTINENTAL SCREEN CO.

### No. 5938.

Circuit Court of Appeals, Sixth Circuit.

Oct. 9, 1931.

C. M. Charest, Gen. Counsel Bureau of Internal Revenue, of Washington, D. C., for petitioner.

Stevenson, Butzel, Eaman & Long, of Detroit, Mich., for respondent.

Before DENISON, MOORMAN, and HICKENLOOPER, Circuit Judges.

PER CURIAM.

Respondent moves to dismiss because the return to this court was not made within the time as limited, or lawfully extended. The time fixed by the last extension made by the Board had expired when the record was tendered to the clerk of this court for filing, and thereupon a judge of this court extended such time to and including that day, and the record was filed. This was fairly within the contemplation of section 4 of rule 35. There is no requirement that the extension must be made within the limits of the existing extension, as there is in case of appeals generally, and we see no reason for importing that limitation into this rule.

One of the allegations of error is that the finding of the Board was not supported by the evidence. In such a case, section 2 of rule 35 requires that a statement of the evidence shall be prepared and settled before the Board, in accordance with the practice under the general equity rules, and that this statement so settled shall become upon that subject the record certified to this court. In this case, nothing of the kind was done; but counsel for the Commissioner filed a præcipe specifying certain verbatim extracts from the stenographer's report of testimony, and these extracts, and these only, are found in the record. No notice of this selection was given to the other side. Clearly, such a record cannot be accepted for the purpose of reviewing the Board's finding of facts. The remedy, however, is not to dismiss the proceeding out of this court, as respondent requests us to do. We assume, without deciding, that we might remand the case in order that a proper statement of the evidence might be prepared and settled, or might otherwise perfect the record; but in this case we are not inclined to do so, both because the violation of the rule stands entirely without excuse, and because we are impressed that there is no occasion for going beyond the findings of the Board.

Accordingly, the order will be that the motions to dismiss be denied, and that the "excerpts from the reporter's minutes" and exhibits, being from the middle of page 7 to the middle of page 17, be stricken from the printed record.