COMMISSIONER OF INTERNAL REVENUE v. CONTINENTAL SCREEN CO.

No. 5938.

Circuit Court of Appeals, Sixth Circuit.

May 13, 1932.

See also 53 F.(2d) 210.

M. K. Rothschild, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, C. M. Charest, and Eugene Harpole, all of Washington, D. C., on the brief), for petitioner.

L. W. McCandless, of Detroit, Mich. (Stevenson, Butzel, Eaman & Long, of Detroit, Mich., on the brief), for respondent.

Before HICKS, HICKENLOOPER, and SIMONS, Circuit Judges.

HICKS, Circuit Judge.

Petition by the Commissioner of Internal Revenue to review a decision of the Board of Tax Appeals reversing the action of the commissioner in assessing a deficiency in income taxes against respondent in the sum of $7,224.99 for the year 1925 and for the period from January 1 to July 31 of the year 1926. These deficiencies arose from a disallowance by the commissioner of $40,000 and $15,000 which respondent had paid in the years 1925 and 1926, respectively, as attorney fees.

■ Whether these fees were allowable as deductions depends of course upon whether they were paid as "ordinary and necessary expenses" in carrying on respondent's business. See Revenue Act of 1926, ch. 27, § 214 (a), par. (1), 44 Stat. 9, 26, 26 USCA § 955 (a) (1). The Board of Tax Appeals concluded that they were. Its relevant findings are that respondent was organized in 1905 for the purpose of manufacturing screen doors and the like; that in 1920 the Federal Trade Commission began to investigate its practices upon charges that it was operating in violation of the Sherman Anti-Trust Act (15 USCA §§ 1–7, 15); that respondent convinced the commission in 1922 that the charges were unfounded, but that as a result of renewed investigations by agents of the commission respondent on December 29, 1924, was served with a notice of complaint by the commission that it was operating in violation of the Sherman Act; that a date was set for a hearing before the commission; that respondent through its officers was much concerned over the complaint because from their view-point adverse determination of it might result in the dissolution of respondent's business; that a meeting of respondent's directors was called at which it was decided to employ three firms of attorneys to represent respondent before the commission; that these attorneys obtained a continuance of the hearing, prepared voluminous data for submission to the commission; that respondent was accorded a hearing before its Board of Review in May, 1925, at which its counsel presented the data and moved that the complaint be dismissed as not being proved; that after careful consideration the Commission on October 14, 1925, entered an order dismissing the complaint. The Board of Tax Appeals found that the attorney fees for which deduction was claimed by respondent were paid solely for services in representing respond-

ent before the commission. The reasonableness of the fees has not been questioned.

■ In the absence of a statement of all the evidence submitted to the board, we must accept its findings as conclusive [Commissioner of Internal Revenue v. Continental Screen Co., 53 F.(2d) 210 (C. C. A. 6); Cogar v. Com'r, 44 F.(2d) 554, 556 (C. C. A. 6); Evergreen Cemetery Ass'n v. Burnet, 59 App D. C. 397, 45 F.(2d) 667], and when the applicable test (Kornhauser v. U. S., 276 U. S. 145, 152, 153, 48 S. Ct. 219, 72 L. Ed. 505) is applied thereto we have no doubt as to the correctness of the board's decision. The proceeding before the Trade Commission was undoubtedly an "action" against respondent which was "directly connected with" or which "proximately resulted" from its business. To respondent's board of directors the situation was ominous. The life of the business was endangered. Under such circumstances respondent followed the very natural and ordinary procedure suggested by the vital necessity of the situation. It employed counsel to protect its interest and agreed to pay for their services. Any other course upon the part of its board of directors would have been unusual and would, no doubt, have subjected them to well founded criticism by its stockholders.

We see no reason for interfering with the order of the Board of Tax Appeals, and it is therefore affirmed.