## SACKS v. COMMISSIONER OF INTERNAL REVENUE.

No. 3472.

Circuit Court of Appeals, Fourth Circuit.

July 13, 1933.

J. B. Grice, of Washington, D. C., for petitioner.

John G. Remey, Sp. Asst. Atty. Gen. (Sewall Key, Sp. Asst. Atty. Gen., and E. Barrett Prettyman, Gen. Counsel, and Hartford Allen, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for respondent.

Before PARKER and NORTHCOTT, Circuit Judges, and GLENN, District Judge.

PER CURIAM.

This is a petition to review a decision of the Board of Tax Appeals sustaining the determination of a deficiency against the petitioner in income taxes for the year 1925. The decision of the Board of Tax Appeals is reported in 25 B. T. A. 415.

The questions here presented are: (1) Whether the loss and expense of $44,101.76 sustained and incurred by appellant in connection with his interest in the corporation of Golden & Co. was attributable to the operation of a business regularly carried on by the appellant; (2) whether the said loss and expense of $44,101.76, or any part of it, was sustained or incurred in 1924. Petitioner acquired his interest in Golden & Co., a corporation engaged in the wholesale dairy and produce business in Washington, D. C., in the year 1904, and became an officer of the company being in charge of finances, and was an active director and financial executive from the year 1910 to 1923, inclusive. In April, 1923, the president of Golden & Co. committed suicide, and thereafter, during that year, a petition in bankruptcy was filed and the company adjudicated bankrupt. The company was wound up in the year 1924, the creditors receiving approximately 35 per cent. of their claims and the stockholders receiving nothing.

In November, 1923, the trustee in bankruptcy sued the petitioner and other officers and directors of Golden & Co. alleging neglect and mismanagement in the conduct of the affairs of the company and praying a recovery against them on that account. This litigation was compromised in 1924, the petitioner contributing toward the compromise, the sum of $12,500, this together with $3,901.76, paid by petitioner on account of a note of Golden & Co. on which he was an indorser, and $2,250, attorney fees paid in connection with the Golden & Co. litigation, and $25,450, the cost or value of petitioner's investment in stock of Golden & Co., constituted the item of $44,101.76 claimed by petitioner as a loss in the year 1924.

During this time the Board found that the petitioner was engaged in the business of buying and selling stocks and allowed him certain losses incurred during the year 1924 in that business, in other stock transactions, but

found that petitioner's interest in Golden & Co. was an investment in the corporation and further found that the loss in Golden & Co. was incurred by the petitioner in the year 1923 "or earlier." The amount allowed petitioner as losses on stock is not in issue here.

The finding of the Board on the question of whether the loss occurred in petitioner's business as a dealer in stocks or was an investment loss is a finding of fact, as was the finding of the Board that the loss occurred in the year 1923 and not in the year 1924 as claimed by the petitioner. It has been repeatedly held by this court that findings of fact of the Board of Tax Appeals, supported by evidence, will not be disturbed on appeal (Darling v. Commissioner (C. C. A.) 49 F. (2d) 111, and cases there cited).

A study of the record convinces us that the Board reached the proper conclusion on these two points. The length of time that petitioner held his interest in Golden & Co.; the fact that he was an officer and active in the management of the company; all go to prove that his interest in that company was of a permanent character, constituting an investment, and that he did not hold that particular stock as a dealer. Certainly the recovery against him for misconduct as an officer; the amount paid by him as indorser for the company and the attorney fees paid in the litigation, could not be said to constitute a loss in his regular business as a dealer in stocks. The finding of the Board that the stock loss in the Golden & Co., occurred in the year 1923 seems fully borne out by the evidence. Golden & Co. went into bankruptcy in that year and the burden was upon petitioner to show that they were not insolvent and that the investment loss had not become total until the year 1924. This burden the petitioner did not carry.

The decision of the Board was correct and will accordingly be affirmed.