**WINNETT et al. v. HELVERING, Commissioner of Internal Revenue.**

**No. 7152.**

Circuit Court of Appeals, Ninth Circuit.

Jan. 29, 1934.

Thomas R. Dempsey, A. Calder Mackay, and Howard W. Reynolds, all of Los Angeles, Cal., for petitioners.

Sewall Key, Head, Tax Section, and Norman D. Keller, Sp. Asst. to Atty. Gen., for respondent.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals on a petition thereto by the testator, John G. Bullock. Petitioners claimed that the Commissioner of Internal Revenue erred in refusing to allow a deduction from the income of the testator for the year 1924 of the sum of $16,854, which represented the expense of moving a dwelling house from a lot owned by testator at the corner of Wilshire boulevard and Vermont avenue, in Los Angeles, to a residence lot on Plymouth boulevard, in Los Angeles, Cal. The claim advanced by the petitioners here and before the Board of Tax Appeals was that this item of expenditure was an ordinary and necessary expenditure incurred during the taxable year 1924 in a trade or business carried on by the testator, within the meaning of the Revenue Act of 1924, c. 234, § 214 (a) (1), 43 Stat. 253, 26 USCA § 955 (a) (1), as follows:

"Revenue Act of 1924, c. 234, 43 Stat. 253:

"Sec. 214. (a) In computing net income there shall be allowed as deductions: (1) All the ordinary and necessary expenses paid

or incurred during the taxable year in carrying on any trade or business."

The Commissioner held that the expenditure in question was a capital expenditure which could not be deducted from income under the provisions of section 215 (a) (2) of the Revenue Act of 1924, 26 USCA § 956 (a) (2), which is as follows:

"Sec. 215. (a) In computing net income no deduction shall in any case be allowed in respect of— * * *

"(2) Any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate."

In its opinion it is stated by the Board of Tax Appeals:

"The facts here clearly show that the cost of moving the dwelling from Wilshire Boulevard and Vermont Avenue to Plymouth Boulevard falls within that class of expenditures referred to in section 215, that is, that it was an amount paid out for permanent improvements or betterments made to increase the value of the petitioner's property, as distinguished from an ordinary and necessary business expense. The petitioner testified that he moved the house with the idea of renting or selling it in its new location and also for the purpose of rendering the lot on Wilshire Boulevard and Vermont Avenue more available for business purposes. * * *

"We think that the respondent has properly classified the expenditure in question as a capital expenditure although from the record we are unable to determine whether the amount should be added in whole or in part to the cost of the lot at Wilshire Boulevard and Vermont Avenue or to the property on Plymouth Boulevard now occupied by the petitioner as his permanent residence."

█ There is no specific finding by the Board of Tax Appeals as to whether or not the expenditure for the removal of the house was incurred "in carrying on any trade or business" by the taxpayer, nor is there any allegation in the petition before the Board that the expenditure was incurred "in carrying on any trade or business" by the taxpayer. This was one of the ultimate facts upon which the contention of the taxpayer was based. The nearest approach to such an allegation in the petition to the Board of Tax Appeals is the statement that "one of taxpayer's businesses was to rent or sell the various properties he owned other than his private residence." The transcript does not contain the evidence upon which the Board of Tax

Appeals acted, and, consequently, the question whether or not the evidence sustained the findings of the Board of Tax Appeals cannot be considered. Commissioner of Internal Rev. v. Crescent Leather Co. (C. C. A.) 40 F.(2d) 833, 834; Cogar v. Commissioner (C. C. A.) 44 F.(2d) 554; Evergreen Cemetery Ass'n v. Commissioner, 59 App. D. C. 397, 45 F.(2d) 667. It should be stated, however, that the petitioners do not assign as error the finding of the Board of Tax Appeals that the expenditure in question was a capital expenditure. Petitioners' argument is in effect that the so-called findings of fact of the Board of Tax Appeals are inconsistent with the conclusion that the expenditures in question were permanent improvements or betterments made to increase the value of the taxpayer's property, or, in other words, capital expenditures. In our recent decision in Tricou v. Helvering, 68 F.(2d) 280, December 18, 1933, we call attention to the essential difference between ultimate and probative facts. While this distinction is not free from difficulty, it is clear that the finding of ultimate facts cannot be overcome by statement in the findings of facts of facts which are merely probative from which by inference and deduction the ultimate fact may be determined, for the reason that that determination is for the fact-finding body, in this case the Board of Tax Appeals, and not for the appellate court.

█ We think the rule stated in 24 Cal. Jur. 972, § 205, is a correct statement of the general rule applicable as well in the federal courts: "§ 205. Inconsistency Between Findings of Ultimate and Probative Facts.— As a general rule findings of ultimate facts may not be impeached, controlled, limited or modified by findings of probative facts, but will control in case of any conflict between them. Findings of probative facts invalidate a finding of an ultimate fact only when the latter is based on the former and is entirely overcome thereby and when the findings of probative facts dispose of all the facts involved in the pleadings."

█ We see no escape from the conclusion that the question as to whether or not the amount paid out by the taxpayer for moving a residence from one lot to another constituted a permanent improvement or betterment made to increase the value of the property is a question of fact and one of the ultimate facts involved in determining the amount of the taxpayer's income and, consequently, of his tax. It follows that, when the Board of Tax Appeals found this ultimate fact in favor of the Commissioner, that finding alone,

together with the admitted facts with reference to petitioners' testator's income and expenditures, is sufficient in law to support the conclusion of the Board of Tax Appeals. The contention of the petitioners is in effect that the moving of the house from one lot to another did not change the value of the house nor the value of either lot. Consequently, it is urged that the expenditure involved in moving the house is not a capital expenditure, although the amount expended in repairs on the house after it was moved was a capital expense, and so treated by the testator in his return of income. We quote petitioners' statement as follows: "The lot at 627 So. Plymouth Boulevard had the same value, as a lot, after the moving of the house as it had before. The increase in the value of that real property, if any, was the actual value of the house which was placed thereon, plus the cost of improvements, which was capitalized, but not including the moving expense."

The mere statement of the petitioners' position demonstrates that the question involved is factual. The Board of Tax Appeals was of the opinion that the removal of the house increased the value of both properties by an amount equal to the expense of removal. Undoubtedly it was upon this theory that the taxpayer moved the house. In any event, we have no authority to interfere with the finding of the Board upon this subject.

Order affirmed.