## ROBINSON v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7386.

Circuit Court of Appeals, Ninth Circuit.
Nov. 19, 1934.

Robert T. Jacob, of Portland, Or., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, M. H. Eustace, and Carlton Fox, Sp. Assts. to Atty. Gen., for respondent.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

Petitioner seeks a review of the decision of the Board of Tax Appeals approving the determination by the Commissioner of Internal Revenue of a deficiency of $3,597.28 in the income tax of petitioner for the year 1927.

Petitioner, a resident of Portland, Or., acquired in 1917 all of the capital stock of the Molalla Electric Company at a cost of $45,000 and sold the same to the Portland Electric Power Company in February, 1927. The selling price of the stock was $87,500,

$17,500 of which was paid in cash. The deferred payments were evidenced by sixteen notes totaling $70,000, four of which, totaling $17,500, became due on March 1st of each of the years 1928, 1929, 1930, and 1931. During the year 1927, petitioner purchased some real estate and gave the eight notes due March 1, 1928, and March 1, 1929, totaling $35,000, as part payment therefor and petitioner guaranteed payment of the same.

Petitioner claims that he is entitled to return the income from the sale of his stock in the Molalla Company upon the installment basis under section 212 (d) of the Revenue Act of 1926 (26 USCA § 953 (d) and assigns as error the holding of the Board of Tax Appeals that "the petitioner, having in said taxable period received in cash and property as initial payment more than one fourth the purchase price at which he sold his Molalla Electric Co. stock, is not entitled, in our opinion and we so determine, to have his tax on the profit computed on the installment basis, as contended by him."

This holding of the Board of Tax Appeals is based upon the proposition that by giving the notes for $35,000 as part payment for the real estate during the same taxable year, the petitioner to that extent received an interest therein as part of the initial payment for his stock in the Molalla Company within the meaning of section 212 (d) of the Revenue Act of 1926, supra.

The question here involved has recently been decided by the Circuit Court of Appeals for the Second Circuit in a similar case [Duram Building Corporation v. Commissioner of Internal Rev., 66 F.(2d) 253, 254] contrary to the conclusion reached by the Board of Tax Appeals. The Circuit Court of Appeals in Duram Building Corp. v. Commissioner, supra, stated:

"Therefore, as we interpret section 212 (d), the privilege of reporting upon the installment basis depends upon the transactions between the vendor and purchaser of the land during the taxable period; it is not made conditional upon what disposition the vendor may make of the purchaser's evidences of indebtedness by transactions with third parties during the taxable period in which the land was sold. Such transactions are separate and independent and will themselves be the basis for a return of profit or loss."

Respondent now concedes that petitioner is entitled under the provisions of section 212 (d), supra, to return the income from the sale of his stock on the installment basis as held in Duram Building Corp. v. Commission-

er, supra. However, respondent contends that the transaction in 1927 whereby petitioner transferred eight of these notes maturing March 1, 1928, and 1929, aggregating $35,000, at their face value, as part payment for real estate, resulted in a gain or profit to petitioner and should be included in petitioner's income tax return for 1927. This, respondent claims, is such a transaction as is referred to in the Duram Case as "separate and independent and will themselves be the basis for a return of profit or loss" and results in this case in a realization of the gain from the transaction to the extent that such gain was included in the installment notes transferred. This also is conceded by the petitioner as a correct application of the law where the exchange of the installment notes is made without recourse. But he contends that there was no gain or loss realized or determinable from this second transaction during 1927, the taxable year in question, because the petitioner guaranteed the payment of the notes so transferred and thus he did not realize upon these notes nor divest himself of liability for their payment.

In Shubin v. Comm'r of Int. Rev., 67 F. (2d) 199, the Circuit Court of Appeals for the Third Circuit held that the fact that the seller, who received the proceeds of a second mortgage put upon the property by the purchaser, remains secondarily liable on the mortgage indebtedness is not sufficient to prevent the proceeds received from being considered as a payment at the time of the transaction. We agree with the conclusion reached in that case and therefore hold that even though petitioner remained liable as guarantor on the notes transferred, the gain included in the installment notes (transferred) for the real estate at their face value should have been included in petitioner's income tax return for the year 1927.

Petitioner also claims error in the amount fixed by the Commissioner and affirmed by the Board of Tax Appeals as the cost to him of the stock in the Molalla Electric Company. The amount fixed by the Commissioner and affirmed by the Board of Tax Appeals was the original purchase price of $45,000. Petitioner was president and general manager of the Molalla Company from 1917 to 1927 at a salary of $250 per month until 1921 when it was increased to $300 per month. During this period petitioner was entitled to $33,600 in salary and claims to have drawn only $24,297.20, leaving a balance of $9,302.80 which he claims was left with the company and invested in its business and

therefore should be added to the cost of the Molalla Company stock to him. During the year 1923 petitioner sold certain real estate for $1,400, which amount he claims was turned over to and used by the Molalla Company as were the proceeds of certain life insurance owned by petitioner in the amount of $1,598.22. Petitioner contends that since these last two amounts were turned over to and used by the Molalla Company and not returned to him in the form of dividends or otherwise, these amounts should also be added as part of the cost to him of the Molalla Company stock. The record does not contain any of the evidence on these matters and we cannot in view of that fact disturb the decision of the Board of Tax Appeals that the record before it did not justify the claims so made by the petitioner and that the cost of the stock was $45,000.

The order of the Board of Tax Appeals is reversed and the case remanded for further proceedings not inconsistent herewith.