**HELVERING, Com'r of Internal Revenue, v. WARD (and four other cases).**

**Nos. 10226–10230.**

Circuit Court of Appeals, Eighth Circuit.

Sept. 20, 1935.

James W. Morris, Sp. Asst. to Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and John MacC. Hudson, Sp. Assts. to Atty. Gen., on the brief), for petitioner.

Joseph N. Moonan, of Waseca, Minn., and Francis D. Butler, of St. Paul, Minn. (Ray G. Moonan, of Waseca, Minn., on the brief), for respondent.

Before STONE, WOODROUGH, and BOOTH, Circuit Judges.

STONE, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals reducing a tax deficiency for the year 1929 as determined by the Commissioner.

In 1929, the taxpayer was a holder of common and of preferred stock in the Ward Dry Milk Company. In that year, an exchange of all of the stock of the Ward Company was made for 18,750 shares of the common stock of the Kraft-Phenix Cheese Company; 2,525 of such

shares being for all of the preferred stock of the Ward Company. This exchange was under a written contract (dated June 1, 1929) containing provisions providing for immediate transfer of the Ward stock and of control of the Ward Company to Kraft-Phenix; for delivery of the Kraft-Phenix stock "from the unissued stock of said Kraft-Phenix as soon as the same may be approved by the New. York Stock Exchange" (which approval, Kraft-Phenix agreed to secure as speedily as possible). Two other provisions give rise to the issue here. They are as follows:

"Kraft-Phenix agrees as soon as said stock is issued and delivered to said parties of the first part upon the endorsement thereof and the redelivery to Kraft-Phenix, to purchase from parties of the first part the 2,525 shares of Common stock of the Kraft-Phenix Cheese Corporation delivered to said stockholders as consideration for the Preferred stock of said Ward Dry Milk Company at the price of $40.00 per share in cash and in addition thereto to purchase 2,475 shares of the Common stock issued and delivered to said parties of the first part as part of the consideration for the Common stock of the · Ward Dry Milk Company when endorsed and delivered to Kraft-Phenix at a price of $40.00 per share in cash. * * *

"Kraft-Phenix agrees that inasmuch as it is to have control of the conduct of said corporation from June 1, 1929, although the Common stock of the Kraft-Phenix Cheese Corporation cannot be delivered until the same is approved by the New York Stock Exchange which may be some time after said date, June 1, 1929, that Kraft-Phenix will pay to the said stockholders interest on said sum of $200,000, the purchase price for the stock to be purchased back from said stockholders by Kraft-Phenix at the rate of 6% per annum from June 1, 1929, until date of delivery of said stock and will pay a further sum for each share of the Common stock to be delivered hereunder in addition to the stock which is to be repurchased from said stockholders (viz. 13,750 shares) equal to 12½c per month pro-rated for the period from June 1st to the date of delivery of said stock and in consideration of said agreement the stockholders agree that they will not draw any salaries from the Ward Dry Milk Company from and after June 1, 1929, with the exception of the salary which said Chris M. Peterson shall draw as General Manager of said corporation under the supervision of Kraft-Phenix."

The only issue is whether, under the above provisions and what was done thereunder, this exchange of stock and this repurchase of part thereof were separate transactions ([1] an exchange of stock and [2] an option to sell), or only one transaction (an exchange of Ward stock for Kraft-Phenix stock and cash). The Commissioner contends it is the latter and, therefore, that the cash may be taxed as gain under the Revenue Act of 1928 (45 Stat. 791, 816) section 112 (a), (b) (3) and (c) (1), 26 USCA § 2112 (a), (b) (3), (c), and Departmental Regulations 74, Art. 574 and Art. 575.

In limine, we meet the contention of the taxpayer that the issue here is purely one of fact and since the record before us contains none of the evidence before the Board this court must affirm the decision of the Board. Petitioner properly concedes that whether this transaction was single or dual, in the respect here involved, "is primarily a question of fact." Even the very existence of the contract is denied in the answer of the Commissioner and was a matter for proof. Also, it is material to know the purposes of the parties in making the contract, the circumstances · surrounding and influencing them at that time and. later, and what was done by them under it. We. have been much enlightened as to all of these matters by the opinion of the Board and by the oral argument here but not one word of the evidence before the Board is in the record here.

■■■ Our jurisdiction in proceedings to review the determinations of the Board of Tax Appeals is purely statutory and the limits thereof as to matters of fact have been repeatedly stated by the courts. A very recent utterance by the Supreme Court (Helvering v. Rankin, 295 U. S. 123, 131, 55 S. Ct. 732, 736, 79 L. Ed. ——) is typical and is as follows: "The Court of Appeals [73 F.(2d) 9] is without power, on review of proceedings of the Board of Tax Appeals, to make any findings of fact. 'The Board of Tax. Appeals is not a court. It is an executive or administrative board, upon the decision of which the parties are given an opportunity to base a petition for review

to the courts after the administrative inquiry of the Board has been had and decided.' Old Colony Trust Co. v. Commissioner of Internal Revenue, 279 U. S. 716, 725, 49 S. Ct. 499, 502, 73 L. Ed. 918. The function of the court is to decide whether the correct rule of law was applied to the facts found; and whether there was substantial evidence before the Board to support the findings made. See Phillips v. Commissioner of Internal Revenue, 283 U. S. 589, 599, 600, 51 S. Ct. 608, 75 L. Ed. 1289; Burnet v. Leininger, 285 U. S. 136, 138, 52 S. Ct. 345, 76 L. Ed. 665; Old Mission Portland Cement Co. v. Helvering, 293 U. S. 289, 294, 55 S. Ct. 158, 79 L. Ed. 367. Unless the finding of the Board involves a mixed question of law and fact, the court may not properly substitute its own judgment for that of the Board. If the Board has failed to make an essential finding and the record on review is insufficient to provide the basis for a final determination, the proper procedure is to remand the case for further proceedings before the Board. Compare Helvering v. Taylor, 293 U. S. 507, 55 S. Ct. 287, 79 L. Ed. 623; Murphy Oil Co. v. Burnet, 287 U. S. 299, 308, 53 S. Ct. 161, 77 L. Ed. 318. And the same procedure is appropriate even when the findings omitted by the Board might be supplied from examination of the record."

■ Other citations to the effect that findings of fact made by the Board are presumptively correct and, on such review, must be accepted unless there was no substantial evidence before the Board to support them, are Phillips v. Commissioner of Internal Revenue, 283 U. S. 589, 599, 600, 51 S. Ct. 608, 75 L. Ed. 1289; Helvering v. Kendrick Coal & Dock Co., 72 F.(2d) 330, 334 (C. C. A. 8); Emerald Oil Co. v. Commissioner of Internal Revenue, 72 F.(2d) 681, 683 (C. C. A. 10); Gloyd v. Commissioner of Internal Revenue, 63 F.(2d) 649, 650 (C. C. A. 8), certiorari denied 290 U. S. 633, 54 S. Ct. 52, 78 L. Ed. 551; Refling v. Burnet, 47 F.(2d) 859, 860 (C. C. A. 8); Williams v. Commissioner of Internal Revenue, 44 F.(2d) 467, 470 (C. C. A. 8); Franciscus Realty Co. v. Commissioner of Internal Revenue, 39 F.(2d) 583, 584 (C. C. A. 8); Powers Mfg. Co. v. Commissioner of Internal Revenue, 34 F.(2d) 255 (C. C. A. 8); Feeders' Supply Co. v. Commissioner of Internal Revenue, 31 F.(2d) 274, 278 (C. C. A. 8); Burkett v. Commissioner of Internal Revenue, 31 F.(2d) 667, 669 (C. C. A. 8); Denver Live Stock Commission Co. v. Commissioner of Internal Revenue, 29 F.(2d) 543, 544 (C. C. A. 8); Kendrick Coal & Dock Co. v. Commissioner of Internal Revenue, 29 F.(2d) 559, 563 (C. C. A. 8); Conklin-Zonne-Loomis Co. v. Commissioner of Internal Revenue, 29 F.(2d) 698, 700 (C. C. A. 8); Mastin v. Commissioner of Internal Revenue, 28 F.(2d) 748, 751 (C. C. A. 8).

■ Obviously, if no evidence is in the record here or the evidence here is not shown to be complete as to the issue before us, there is no basis for determining that a finding of fact by the Board was not supported by substantial evidence and the finding must be accepted. Kendrick Coal & Dock Co. v. Commissioner of Internal Revenue, 29 F.(2d) 559, 563 (C. C. A. 8); Robinson v. Commissioner of Internal Revenue, 73 F.(2d) 769, 770 (C. C. A. 9); Heinz v. Commissioner of Internal Revenue, 70 F.(2d) 461, 463 (C. C. A. 5); Winnett v. Helvering, 68 F.(2d) 614, 615 (C. C. A. 9); Tricou v. Helvering, 68 F.(2d) 280, 281 (C. C. A. 9), certiorari denied 292 U. S. 655, 54 S. Ct. 865, 78 L. Ed. 1503, and rehearing denied 293 U. S. 629, 55 S. Ct. 67, 79 L. Ed. 715; Wishon-Watson Co. v. Commissioner of Internal Revenue, 66 F.(2d) 52, 54 (C. C. A. 9); Commissioner of Internal Revenue v. Continental Screen Co., 58 F.(2d) 625, 626 (C. C. A. 6); Evergreen Cemetery Ass'n v. Burnet, 59 App. D. C. 397, 45 F.(2d) 667; Cogar v. Commissioner of Internal Revenue, 44 F.(2d) 554, 556 (C. C. A. 6), rehearing denied 51 F.(2d) 501; Commissioner of Internal Revenue v. Crescent Leather Co., 40 F.(2d) 833, 834, 835 (C. C. A. 1).

The Board found the contract as made and as carried out consisted of two separate transactions, to wit, an exchange of stock and an option to purchase part of the exchanged Kraft-Phenix stock; that the option was subsequently enforced; and that the taxpayer had returned the cash purchase transaction for taxation.

Since these matters are all purely issues of fact, since the only issue of law

**384**

before us is whether there was substantial evidence before the Board to support its findings, and since none of such evidence is brought to us, the petition for review must be, and is, dismissed.