**CASS v. HELVERING, Commissioner of Internal Revenue.**

**No. 10466.**

Circuit Court of Appeals, Eighth Circuit.

June 6, 1936.

C. Powell Fordyce, of St. Louis, Mo. (Henry J. Richardson, of Washington, D. C., on the brief), for petitioner.

Howard P. Locke, Sp. Asst. to Atty. Gen. (Robert H. Jackson, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before GARDNER, SANBORN, and BOOTH, Circuit Judges.

SANBORN, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals approving the Commissioner's determination of a deficiency in petitioner's income tax for the year 1931.

In the view we take of the case, the following summary of the facts as disclosed by the Board's findings is sufficient:

The petitioner, a resident of Iowa, prior to March 1, 1913, acquired stock in the Waterloo, Cedar Falls & Northern Railway Company. The fair market value of the stock as of March 1, 1913, was $100 a share. By 1914 the railway company had expanded from a small street railway to a company doing a general railroad business and operating 130 miles of track.

At some time during 1920 or 1921, the railway company defaulted on its bond interest. In 1922 a bondholders' protective committee was organized, which took over control of the railway company in 1923 and has since then managed its property and operations. The petitioner was reelected a director and made vice president of the railway company in 1923 and has served in that capacity ever since.

The stock of the railway company was closely held, was not listed on any exchange, and was not subject to market quotations. In its capital stock tax returns filed in each of the years 1922, 1923, 1924, and 1925, the railway company reported its capital stock as having no fair

value. In each of the years from 1926 to 1931 the railway operated at a steadily increasing loss. In 1926 the deficit as shown by the company's income tax return was nearly $3,000,000, and its matured unpaid interest was over $2,250,000. There was an increase in the deficit and unpaid interest in each succeeding year through 1931.

The railway company has been in continuous operation since its organization. At the time this proceeding was commenced, it had never been in receivership and was not in the process of liquidation.

In 1929, petitioner sold 300 shares of his stock at auction for $25 (8 1/3 cents a share); in 1930 he sold 300 shares to his brother for $1.50 a share; and in 1931 he sold 300 shares to C. M. Cheney, his friend and then president of the railway company, for $.75 a share. The net amount received by petitioner on this last transaction, after payment of transfer charges, was $62.80. Deducting that sum from the March 1, 1913, value of the stock, the petitioner arrived at the figure of $29,937.20, which he claimed as a loss in his 1931 income tax return, under Revenue Act of 1928, c. 852, 45 Stat. 791, 800, § 23 (26 U. S.C.A. § 23 note) which provides:

"§ 23. Deductions from Gross Income

"In computing net income there shall be allowed as deductions: * * *

"(e) Losses by Individuals. In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

"(1) if incurred in trade or business; or

"(2) if incurred in any transaction entered into for profit, though not connected with the trade or business; or

"(3) of property not connected with the trade or business, if the loss arises from fires, storms, shipwreck, or other casualty, or from theft."

The Commissioner disallowed the deduction on the ground that the stock became worthless prior to 1931. (The petitioner had been allowed a deduction on the basis of his losses from the sales in 1929 and 1930.) The board, after making the findings hereinbefore summarized, found as an ultimate fact that the Commissioner's determination that the stock was worthless prior to 1931 should be sustained for failure of the petitioner to overcome the presumption of the correctness of that determination.

The petitioner contends: (1) That he overcame the initial presumption that the Commissioner's determination of deficiency was correct by establishing the identifiable event (the 1931 sale) whereby the loss deducted was sustained, and that the Commissioner in no way rebutted that showing; (2) that the Board, on its own findings, reached an incorrect decision; and (3) that the 1931 sale was a bona fide "arm's-length" sale of the stock of a going concern for value and was sufficient to overcome any presumption in favor of the Commissioner's determination.

█ "The Court of Appeals is without power, on review of proceedings of the Board of Tax Appeals, to make any findings of fact. 'The Board of Tax Appeals is not a court. It is an executive or administrative board, upon the decision of which the parties are given an opportunity to base a petition for review to the courts after the administrative inquiry of the Board has been had and decided.' Old Colony Trust Co. v. Commissioner, 279 U.S. 716, 725, 49 S.Ct. 499, 502, 73 L. Ed. 918. The function of the court is to decide whether the correct rule of law was applied to the facts found; and whether there was substantial evidence before the Board to support the findings made." Helvering v. Rankin, 295 U.S. 123, 131, 55 S. Ct. 732, 736, 79 L.Ed. 1343.

█ "Obviously, if no evidence is in the record here or the evidence here is not shown to be complete as to the issue before us, there is no basis for determining that a finding of fact by the Board was not supported by substantial evidence and the finding must be accepted. Kendrick Coal & Dock Co. v. Commissioner of Internal Revenue, 29 F.(2d) 559, 563 (C.C.A. 8); Robinson v. Commissioner of Internal Revenue, 73 F.(2d) 769, 770 (C.C.A.9); Heinz v. Commissioner of Internal Revenue, 70 F.(2d) 461, 463 (C.C.A.5); Winnett v. Helvering, 68 F.(2d) 614, 615 (C.C. A.9); Tricou v. Helvering, 68 F.(2d) 280, 281 (C.C.A.9), certiorari denied 292 U.S. 655, 54 S.Ct. 865, 78 L.Ed. 1503, and rehearing denied 293 U.S. 629, 55 S.Ct. 67, 79 L.Ed. 715; Wishon-Watson Co. v. Commissioner of Internal Revenue, 66 F. (2d) 52, 54 (C.C.A.9); Commissioner of Internal Revenue v. Continental Screen Co., 58 F.(2d) 625, 626 (C.C.A.6); Ever-

green Cemetery Ass'n v. Burnet, 59 App. D.C. 397, 45 F.(2d) 667; Cogar v. Commissioner of Internal Revenue, 44 F.(2d) 554, 556 (C.C.A.6), rehearing denied [C. C.A.] 51 F.(2d) 501; Commissioner of Internal Revenue v. Crescent Leather Co., 40 F.(2d) 833, 834, 835 (C.C.A.1)." Helvering v. Ward (C.C.A.8) 79 F.(2d) 381, 383.

Since the record on the present petition for review contains none of the evidence, it is apparent that the only question open for consideration here is whether the facts found support the board's decision. A consideration of the petitioner's first and third contentions would involve an examination of evidence which is not before us.

The petitioner's second contention is based upon the proposition that no finding of any "identifiable event" which would have established the worthlessness of the stock prior to 1931 was made by either the Board or the Commissioner. Such a finding would have constituted a finding of a primary or probative fact. While the Board did not make a finding of any specific "identifiable event," it did find as an ultimate fact that the Commissioner's determination of worthlessness prior to 1931 was sustained by the evidence. That was the equivalent of a finding that the stock was worthless prior to 1931, and was a finding of fact [Sacks v. Commissioner of Internal Revenue (C.C.A.4) 66 F.(2d) 308, 309; Forbes et al. v. Commissioner of Internal Revenue (C.C.A.4) 62 F.(2d) 571], which, on this record, is conclusive upon this court. The ultimate fact and the probative facts found are not in any sense irreconcilable or even inconsistent, and, since the ultimate fact found supports the Board's decision, that decision must be, and it is, affirmed.