## KEENEY v. COMMISSIONER OF INTERNAL REVENUE.

### No. 11.

Circuit Court of Appeals, Second Circuit.

Dec. 23, 1940.

Llewellyn A. Luce, of Washington, D. C. (William J. Byrne, of Washington, D. C., of counsel), for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Norman D. Keller, S. Dee Hanson, and L. W. Post, Assts. to Atty. Gen., for respondent.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

In his income tax return for 1933 the taxpayer claimed a deduction of $100,000 as a loss sustained by reason of his stock in Florida Jockey Club, Inc., becoming worthless in that year. The Commissioner disallowed the loss, and determined a tax deficiency of $10,730.59, which the Board has confirmed. The issue presented by this appeal is whether the Board's finding that the stock became worthless prior to 1933 is supported by substantial evidence.

Prior to 1928 the petitioner acquired 83 per cent. of the stock of Florida Jockey Club at a cost of approximately $679,000. This Club owned a race-track, known as "St. John's Park" and located in Florida between the cities of Jacksonville and St. Augustine. In February, 1930, the petitioner sold his stock for $100,000, evidenced by the purchasers' promissory notes, the last of which was payable September 1, 1932. On this sale he claimed and was allowed a loss deduction of $579,330.52 in his income tax return for 1930. The purchasers defaulted on all payments and in August, 1932, the sale was rescinded, the petitioner receiving back his stock and returning to the purchasers their notes. In each of the four years from 1929 to 1932, inclusive, the Florida Jockey Club lost money, its total losses during that period being more than $500,000. The money for meeting operating expenses was advanced to the Club by the petitioner. In March, 1930, it owed him $243,000; by January, 1931, this had increased to $570,000 and by April 1932 to $594,000. After the defaulting purchasers returned his stock in the summer of 1932, he paid off debts of the Club, contracted during their tenure, amounting to $13,267.95, and on his income tax return for that year he claimed and was allowed this item as a worthless debt deduction. During the autumn of 1932 he contemplated having a race meeting in January, 1933, but abandoned this plan because the Tropical Park track announced in December the advancement of the date of its meeting to early January, and he was unable to engage the necessary horses. He next considered a race meeting for March, 1933, but was obliged to give that up because Tropical Park announced in February that it would hold in March a meeting continuing until April 1st. He says that he then saw that the Jockey Club track was worthless. He endeavored, without success, to interest racing promoters in purchasing it. Later in 1933 he found a Mr. Whittaker who would buy it for salvage purposes. To him the petitioner transferred his stock, together with the corporation's notes, evidencing his advances, in the sum of $594,082.64, for $2,250; and he incurred expenses of $400 in making the sale. Upon the foregoing facts the Board concluded that "we are unable to say that the Commissioner was wrong in determining that the stock was worthless before 1933."

In order to reverse the finding of the Commissioner and the Board the court must find that it is not supported by

substantial evidence. Darling v. Commissioner, 4 Cir., 49 F.2d 111, certiorari denied 283 U.S. 866, 51 S.Ct. 657, 75 L.Ed. 1470; Gowen v. Commissioner, 6 Cir., 65 F.2d 923; Cass v. Helvering, 8 Cir., 83 F.2d·841. As a deduction is claimed, the burden is on the petitioner to establish that the stock became worthless in 1933 rather than at an earlier date. Squier v. Commissioner, 2 Cir., 68 F.2d 25, 27; Jankowsky v. Commissioner, 10 Cir., 56 F.2d 1006, 1009. That the stock did not become worthless in 1933, but did so prior to that date is a negative finding. See Paul and Mertens, Law of Federal Income Taxation, sec. 26.66. The Board is not under a duty to make an affirmative finding as to when the stock did in fact become worthless. Cass v. Helvering, supra, 83 F.2d at page 843.

■■■ It is true that some liberality is accorded to the taxpayer, and this has taken the form of requiring that worthlessness be established by some identifiable event. United States v. White Dental Mfg. Co., 274 U.S. 398, 401, 47 S.Ct. 598, 71 L.Ed. 1120. This does not mean, however, that the taxpayer can himself fix the identifiable event by selling for a nominal amount stock that had become worthless in a prior year. De Loss v. Commissioner, 2 Cir., 28 F.2d 803. Nor can he postpone his claim of loss until only an "incorrigible optimist" would fail to know that the stock had become worthless at an earlier date. A finding of worthlessness depends on all the facts of the particular case reasonably leading to that conclusion. When the taxpayer got back his stock in the summer of 1932, the corporation was saddled with debts of over $600,000. For salvage purposes the value of its property was nominal. For operation as a race-track, the property was a heavy liability, as shown by the Club's losses during 1929, 1930 and 1931. Even in 1932, when no race meeting was held, a loss of approximately $60,000 was incurred. These facts justify the finding that the stock was worthless prior to 1933. See Squier v. Commissioner, 2 Cir., 68 F.2d 25, 27; Jeffery v. Commissioner, 6 Cir., 62 F.2d 661. While the taxpayer may have hoped by holding races in 1933 to make something over the expenses of the meeting and thereby reduce somewhat the Club's indebtedness to him, there was no reasonable ground for hoping by that meeting or subsequent meetings to liquidate that enormous debt; and only so would the stock become of any value. We can-

not say that the finding that the stock was worthless prior to 1933 is not supported by substantial evidence nor that the taxpayer has sustained the burden on him to establish his deduction in 1933. The nominal consideration paid by Whittaker should be ascribed to payment for the notes rather than the stock, as they were a prior claim upon the corporation's property.

Order affirmed.