**50**

John F. McCarron, of Washington, D. C., and Virgil P. Ettinger, of New York City, for appellant.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Dewitt M. Evans, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for appellee.

Before BUFFINGTON and DAVIS, Circuit Judges, and AVIS, District Judge.

AVIS, District Judge.

Petitioner-appellant is engaged in the business of manufacturing and selling men's shoes, and has been so engaged since 1901.

*Certiorari denied 51 S. Ct. 215, 75 L. Ed. —.

In 1901 H. D. Sheppard and C. N. Myers, who are the owners of practically all of the stock of the corporation, formed a copartnership, under the name of Sheppard & Myers, for the purpose of opening and operating retail stores for the sale of shoes manufactured by the corporation. Each of the partners owned a one-half interest in the firm. The partnership bought the shoes from the corporation, and retailed them in its various stores under the trade-name "Hanover."

Separate tax returns were filed for the year 1917 by the corporation and the partnership, and the taxes adjusted thereby were paid. Later, in the year 1920, the Commissioner required the company and the partnership, because of the close association, to file a consolidated income and profits tax return for the year 1917. This return, after examination, showed an additional tax of $25,668.05, which was allocated to the partnership at the request of Mr. Sheppard. The original tax assessed against the corporation for the year 1917 amounted to the sum of $482,104.15, which it paid, and the original amount assessed against and paid by the partnership for the same year amounted to the sum of $24,784.

Appellant claims that the amount of tax assessed against the corporation, and paid, for the year 1917, to wit, $482,104.15, should have been allocated to the partnership and not to the corporation. This contention is based upon the provisions of article 78 of Regulations 41, as amended by Treasury Decision 3389, which in part provides as follows:

"In cases where consolidated returns are accepted, the total tax will be computed in the first instance as a unit upon the basis of the consolidated return and will be assessed upon the respective affiliated corporations and upon the partnerships in such proportions as may be agreed among them. * * * "

It is alleged that petitioner comes under the provisions of this regulation, by reason of an agreement, said to have been entered into between the corporation and the partnership, and claimed to have been communicated to E. J. Davies, the revenue agent who audited the account.

The proofs with relation to the execution of the agreement are far from convincing, and the revenue agent testified that his instructions from Mr. Sheppard to allocate the taxes to the partnership referred only to the additional assessment made. The Board of Tax Appeals has decided, as a fact, that no allocation was made of the amount paid by the corporation, some years before, in settle-

ment of the amount shown to be due by its corporate return for 1917. This decision, we think, is justified by the evidence.

It is claimed by appellant that the Board should be reversed for failure to set out its view of the alleged agreement in its findings of fact, and that the findings in the opinion are not sufficient to remedy this defect. Counsel cites the case of Kendrick Coal & Dock Co. v. Commissioner of Internal Revenue (C. C. A. 8) 29 F.(2d) 559, as controlling.

We are inclined to follow the case of Insurance & Title Guarantee Co. v. Commissioner of Internal Revenue (C. C. A. 2) 36 F. (2d) 842; particularly in view of the fact that the decision of the Board in the instant case was rendered after the passage of the Revenue Act of 1928, § 601 (26 USCA § 1219), which reads as follows:

"'(b) It shall be the duty of the Board and of each division to include in its report upon any proceeding its findings of fact or opinion or memorandum opinion. The Board shall report in writing all its findings of fact, opinions and memorandum opinions.'" 45 Stat. 791, 872.

The findings as to the agreement, having been set forth in the opinion, complied with the provisions of the statute on November 7, 1929, the date of filing the findings of fact and opinion.

The Board of Tax Appeals having before it facts which would justify its action, and there being no indication that the decision was arbitrary or capricious, the action of the Board on this point is affirmed.

The second question raised is with relation to an application for a special assessment of income tax for the year 1921, the petitioner-appellant insisting the abnormality of income is so apparent that it is entitled to such assessment, under the provisions of paragraph (d) of section 327 of the Revenue Act of 1921 (42 Stat. 275).

The opinion of the Board of Tax Appeals on this question is as follows:

"The alleged abnormality here was voluntarily created and could have been voluntarily avoided at any time. If there was any hardship it resulted from the free election of the petitioner to conduct its business in the way that was deemed to be most advantageous to itself. The desired result was attained and we must assume that its advantages compensated the petitioner for any small additional tax that resulted and that must have been foreseen when the policy was persisted in after the enactment of federal income tax laws."

The Congress has given the Commissioner discretionary power with relation to special assessments, and that discretion may not be reviewed by the courts, in the absence of fraud or other irregularities. See Cramer & King Co. v. Commissioner of Internal Revenue (C. C. A. 3) 41 F.(2d) 24, 26; Duquesne Steel Foundry Co. v. Commissioner of Internal Revenue (C. C. A. 3) 41 F.(2d) 995, certiorari denied 51 S. Ct. 82, 75 L. Ed. ——. In the recent case of Ryan Car Company v. Commissioner of Internal Revenue (C. C. A. 7) 44 F.(2d) 26, decided October 24, 1930, the court held that the Circuit Court of Appeals had the right to review decisions of the Board of Tax Appeals. If this principle should apply, we would hold that there is sufficient evidence in the record to justify the Board in its conclusions.

Neither fraud nor other irregularity is suggested in this case, and on the whole record the decision of the Board of Tax Appeals is affirmed.