870

District Court, M. D. Pennsylvania.
Sept. 14, 1944.

Douglass D. Storey, of Harrisburg, Pa., for plaintiffs.

Frederick V. Follmer, U. S. Atty., of Scranton, Pa., Henry E. Harner, Sp. Asst. to U. S. Atty., of Harrisburg, Pa., and M. F. McDonald, Jr., Sp. Asst. to U. S. Atty., of Lewisburg, Pa., for the Government.

WATSON, District Judge.

A. Francis Blessing and Mary Blessing, his wife, were the owners of a tract of 10 acres along a main highway in Cumberland County, Pennsylvania, of which 5.66 acres were taken by the Government in the construction of the Mechanicsburg Naval Supply Depot.

An award was made by a Board of Viewers appointed by the Court, from which award both the Government and owners appealed, the matter subsequently coming to trial before this Court. The jury rendered a verdict in favor of the former owners and against the United States of America in the sum of $1250 with proper interest. The motion by the former owners, hereinafter called the Plaintiffs, for a new trial followed, and that motion is now before the Court for disposition.

There is no indication that the verdict was contrary to law or the weight of the evidence. The jury was taken to the premises in order that the members might view them. The testimony estimating damages ranged from $800 by the Government's witness to $4000 by the owner. The jury had unimpeded opportunity to weigh the testimony.

The chief point of the Plaintiffs' argument for a new trial is based upon a ruling by the Court on an objection by counsel for the Government to a question propounded by counsel for the Plaintiffs.

I quote from the record that which transpired at the trial when A. Francis Blessing, one of the Plaintiffs, was on the stand under cross examination and when the Court ruled:

"Q. Now, did you have an offer for this property? A. Yes, sir.

"By Mr. Harner: If the Court please, I object to that question.

"Offers are not admissible. He may have had 100 offers on that; if he never sold the lot, it is of no commercial value?

"By Mr. Storey: I am talking about the entire tract.

"By Mr. Harner: I am talking about the entire tract, too.

"By Mr. Storey: May it please the Court, the Supreme Court of Pennsylvania has very recently ruled that an option price, a price fixed in an option, was entirely competent to go to the Jury on the question of value in a condemnation proceeding. This is just slightly different. Here is an endeavor to prove a bona fide offer between a man who is familiar with this property, and a person who offered to purchase this entire tract. We intend to prove the price offered. Now, the mere fact that this property owner refused to conclude this arrangement, is nothing detrimental to the fact that this is some evidence as to the value of the property.

"By the Court: In the case to which you referred, in the Supreme Court of Pennsylvania, there was a price fixed by the owner. The offer to which you refer now was an offer by some one outside, who is not here at all. (Discussion off the record.)

"I will ask you to go ahead for the present and I will reserve my ruling on that. I think the Government's attorney should show the Court some authority to the contrary."

"By the Court: There was an objection to the testimony of the first witness, as to an offer, which he had received. I sustain the objection and note an exception."

There was an attempt to show that an offer had been made to the owners of the tract one year before and in the words of counsel for the owners, "We intend to

prove the price offered." In support of Plaintiffs' contention that such testimony should have been admitted he cites Whitcomb v. Philadelphia, 1919, 264 Pa. 277, 107 A. 765. The following quotation from page 283 of 264 Pa., page 767 of 107 A., is sufficient to show that the case is not applicable to the case at bar: "The fact to be proven was that offers had been made to buy the land, or a part of it, as a manufacturing site, to show demand at or about the time of taking, not price or value. The individual who communicated the offer, the man to whom it was communicated, and any one standing by who heard it, would be competent to testify to the fact that an offer had been made, but not the amount thereof."

While it must be clear that counsel desired to show the amount of the offer made, still, if it be considered that what counsel desired to do was to prove an offer only and not the amount of the offer, the ruling by the Court excluding the evidence under the circumstances in this case was proper.

The reasons for the exclusion of such evidence is well stated in the case of Erceg v. Fairbanks Exploration Co., 9 Cir., 1938, 95 F.2d 850, 853, where the Court said: "Numerous cases in both the state and federal jurisdictions are cited in support of the proposition that evidence of offers to buy land is inadmissible on the question of the value of the land. The leading case in the federal jurisdiction is Sharp v. United States, 191 U.S. 341, 24 S.Ct. 114, 48 L.Ed. 211. That case involved claimed error in the refusal of the trial court to permit the plaintiff to testify concerning various offers he had received to purchase his property for a variety of purposes. On appeal the court developed at some length its view that the evidence was properly rejected. The rule there announced has been followed in the federal courts, Clarke v. Hot Springs Elec. Light & Power Co., 10 Cir., 55 F.2d 612, certiorari denied 287 U.S. 619, 53 S.Ct. 19, 77 L.Ed. 537; Wiget v. Becker, 8 Cir., 84 F.2d 706; Emerald Oil Co. v. Commissioner, 10 Cir., 72 F.2d 681, as well as in the majority of the state courts. The prime reasons prompting the exclusion of evidence of offers to buy as bearing on the question of value are (1) that such evidence is often speculative and unreliable, (2) there is usually no opportunity for cross-examination of the person who is said to have made the offer, and (3) such evidence injects collateral inquires tending to confuse the main issue and prolong the trial."

Furthermore, the fact that an offer was made to the owners for the purchase of this land prior to the condemnation proceedings was an inconsequential part of the owner's case as submitted to the jury. Even if proved it could have no bearing on the valuation put upon the land by the jury in its verdict.

Nor does this case come within the rule laid down in the recent case of United States v. Certain Parcels of Land in the City of Philadelphia, etc., 3 Cir., 144 F.2d 626. There a written contract for the sale of the identical property condemned which was executed shortly before the taking was held to be admissible in evidence as bearing on the market value of the property. Here we have no written contract or binding agreement, simply an offer to buy which was not even attempted to be proved to be bona fide, or made by a financially responsible person. An offer might be made through sheer folly on a certain date and withdrawn a week later.

The verdict was supported by legal evidence and there was no error which was prejudicial to Plaintiffs' case, and the Plaintiffs have failed to advance any valid reasons why a new trial should be granted.

The motion for a new trial is denied and a new trial is refused.