## DE LOSS v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Second Circuit.
October 29, 1928.

No. 5.

804

Boardman & Grout, of Bridgeport, Conn., for petitioner.

Mabel Walker Willebrandt, Asst. Atty. Gen., and Sewall Key and A. R. Brindley, Sp. Asst. Attys. Gen. (C. M. Charest and L. W. Scott, both of Washington, D. C., of counsel), for respondent.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

L. HAND, Circuit Judge (after stating the facts as above). The question is whether the petitioner was entitled in 1921 to deduct a loss estimated by the difference between the cost of his shares sold in that year and the sale price, which was nothing. If the loss was then sustained, he might do this; otherwise, not, for the statute of 1921 (section 214 (a) (4), 42 Stat. 239), like its predecessor of 1918, allowed the deduction only of "losses sustained during the taxable year." The petitioner, acknowledging this, maintains that by virtue of section 202 (a), 42 Stat. 229, he might always establish his loss by a sale, and that article 144 of Regulation 45 as it was in 1920 merely gave him an option, which he might refuse, even though it covered the situation. At that time the article provided that a loss on shares might be deducted without sale in the year in which they were ascertained to be worthless and charged off.

That the situation in 1920 was in fact within the Regulation admits of no doubt, though the petitioner denies it. The shares were patently worthless and could never have any value. The trustees had declared that the creditors could never be paid in full; the business was at an end; the highest estimate put by anybody upon the reserved assets left a deficiency, even if all the unadjudicated claims were disallowed. True, it was not possible to say beyond imaginable peradventure that these assets might not be snatched at by some impressionable buyer, who did not share their owners' estimate of their value. But any such expectation was plainly illusory, and taxes, like other human affairs, must be determined without the gift of divination. So far as human foresight could go, the shares were worthless, and the petitioner might have deducted the loss. U. S. v. White Dental Co., 274 U. S. 398, 47 S. Ct. 598, 71 L. Ed. 1120; Royal Packing Co. v. Commissioner, 22 F.(2d) 536 (C. C. A. 9).

It is indeed another question whether he must do so, and that, so far as we can find, the courts have never decided. It might have been possible to regard fluctuations in the value of securities as present losses or gains, regardless of any sale. The power immediately to realize their value in money might have been considered as equivalent to possession of the money itself, though this would, it is true, have resulted in much difficulty in administration. However, while the security remains in esse and its value may fluctuate, it is well settled that only by a sale can gain or loss be established. Eisner v. Macomber, 252 U. S. 189, 40 S. Ct. 189, 64 L. Ed. 521, 9 A. L. R. 1570; Miles v. Safe Deposit Co., 259 U. S. 247, 253, 42 S. Ct. 483, 66 L. Ed. 923; N. Y. Life Ins. Co. v. Edwards, 271 U. S. 109, 116, 46 S. Ct. 436, 70 L. Ed. 859; U. S. v. White Dental Mfg. Co., supra, 401 of 274 U. S. (47 S. Ct. 598).

Moreover, we understand this to be not merely a rule of convenience, but to inhere in the essence of income arising from capital gains or losses. Nevertheless, we think it inapplicable when the security can no longer fluctuate in value, because its value has become finally extinct. In such cases a sale is necessarily fictitious; it establishes nothing, and cannot be intended to do so, for there is no variable to determine. To extend the usual doctrine so far would serve only to allow a taxpayer to manipulate his loss. Unless this be true, the article which permits a taxpayer so to calculate his loss would itself be unconstitutional, and U. S. v. White Dental Co., supra, could not have been decided as it was. Because, if no gain or loss can be income unless it be settled by a sale, no regulation can lawfully allow the taxpayer to forego a sale and fix his loss by any other method. The regulation is either void altogether, or the loss has for all purposes been sustained in the year when the shares become worthless.

Congress has not enacted the contrary in section 202 (a), which prescribed no more than the measure of gain or loss when a sale is necessary. There is no reason to construe it as requiring a sale in all cases. Furthermore, while article 144 of 1920 did in form make the loss optional with the taxpayer, since he had to charge it off on his books, it

by no means follows that he had the alternative of carrying it over to a future time. Indeed, the language forbade this, for he could charge off a loss only in the year when it was ascertained. Although it is, of course, true that any one is entitled to spread his losses as best he can in order to reduce his taxes, in interpreting the law we are not to assume that a system based upon yearly gains and losses was so contrived as to admit deviations in principle which must always operate to the taxpayer's advantage. The express exceptions introduced in 1921, allowing such a practice, are to be taken as ex gratia, and indicate no analogous implied intent in the earlier statute. We hold that the loss upon the shares sold in 1921 was sustained in 1920.

Decree affirmed.