*344 OPINION.
Van Fossan:
The sole question for our decision is whether or not 100 shares of the common stock of the Ohio Leather Co. owned by the petitioner in 1922 became worthless in that year.
We think it is apparent from the facts that at the end of 1922 the stock in question was valueless. The statement of the corporation’s financial condition as of December 31, 1922, disclosed that at that time there was common stock outstanding of the par value of $1,423,400, and that there was a total deficit of $2,093,568.51. The equity of the common stockholders in the assets, therefore, was wholly extinguished. If at that time the corporation had been liquidated there would have been nothing to be distributed among the common stockholders. The common stock had a market value of $19.50 per share in December, 1921, but in December, 1922, the facts concerning the financial condition of the company had become public knowledge, and there was no market for the said stock. The only known sales of common stock at that time were “ wash ” sales made for the purpose of establishing a loss.
Under the plan of reorganization initiated in December, 1922, and later substantially carried out, the preferred stockholders not paying the assessment on their stock were to be given a fractional share of the new second preferred stock, but if a common stockholder failed to pay the assessment of $20 per share on his common stock he would have no interest in the company when reorganized. The reason for this discrimination against the common stockholder is clear. The preferred stockholders still had a considerable equity in the assets of the company, but, as the president of the company stated in his letter of February 9, 1923, referred to in the statement *345 of facts, tbe common stockholder had “ nothing to save.” Moreover, it appears that in December, 1922, and up to the time the reorganization of the Ohio Leather Co. was carried out, the right of the common stockholders to exchange one share of common stock for two shares of the new no-par value common stock upon payment of an assessment of $20 had no market value. It also appears that persons not then common stockholders could and did subscribe for and receive two no-par value shares in the reorganized company at the price of $20 for the two shares. It follows that at the end of December, 1922, and subsequently, ownership of the par value common stock of the company conferred no benefit or valuable privilege with respect to the reorganization of the Ohio Leather Co.
For the foregoing reasons it is our opinion that it is established that the 100 shares of the Ohio Leather Co. common stock in question in this proceeding became worthless in 1922. The deduction claimed in petitioner’s return for 1922 on account of such loss is allowed.

Decision will ie entered for the 'petitioner.