LEIGH CARROLL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32852.   Promulgated September 26, 1930.

*John D. Miller, Esq.*, for the petitioner.
*Brooks Fullerton, Esq.*, for the respondent.

OPINION.

Love: In connection with the first issue mentioned in our preliminary statement above, petitioner contends that he sustained a loss of $30,364.37 in 1924, when he sold 600 shares of preferred stock of the American Cities Co. for the nominal consideration of $1. He had purchased the stock during 1916 and 1917, at a total cost of $30,365.37. Petitioner frankly admits that the stock became absolutely worthless during the year 1922. But he contends that since he did not have knowledge of such worthlessness until' 1924, he did not sustain any loss therefrom until he sold it in the latter year. Section 214 of the Revenue Acts of 1921 and 1924 allows individuals to deduct from gross income under certain circumstances "Losses sustained during the taxable year * * *." The question then is, when did petitioner "sustain" his loss. Was it when the stock became worthless in 1922, or when he first knew of its worthlessness in 1924, at which time he sold it for a nominal consideration? In *Harry H. DeLoss*, 6 B. T. A. 784; affd., C. C. A., 2d. Cir., 28 Fed. (2d) 803; certiorari denied, 279 U. S. 840, it was held "that if the proof shows stock became worthless in a given year, the deduction must be taken for that year and may not be taken for any other year." Petitioner's contention on this point is, therefore, denied.

Regarding the second and alternative issue, petitioner contends that he should be given the benefit of section 206 (e) of the Revenue Act of 1924, which provides that:

If for the taxable year 1922 a taxpayer sustained a net loss in excess of his net income for the taxable year 1923 (such net loss and net income being computed under the Revenue Act of 1921), the amount of such excess shall be allowed as a deduction in computing net income for the taxable year 1924 in accordance with the method provided in subdivisions (b) and (c) of this section.

The applicable provision of the Revenue Act of 1921 is section 204 (a) thereof, which is quoted as follows:

That as used in this section the term "net loss" means only net losses resulting from the operation of any trade or business regularly carried on by the taxpayer (including losses sustained from the sale or other disposition of real estate, machinery, and other capital assets, used in the conduct of such trade or business) ; and when so resulting means the excess of the deductions allowed by section 214 or 234, as the case may be, over the sum of the following: (1) the gross income of the taxpayer for the taxable year, (2) the amount by which the interest received free from taxation under this title exceeds so much of the interest paid or accrued within the taxable year on indebtedness as is not permitted to be deducted by paragraph (2) of subdivision (a) of section 234, (3) the amount by which the deductible losses not sustained in such trade or business exceed the taxable gains or profits not derived from such trade or business, (4) amounts received as dividends and allowed as a deduc-

tion under paragraph (6) of subdivision (a) of section 234, and (5) so much of the depletion deduction allowed with respect to any mine, oil or gas well as is based upon discovery value in lieu of cost.

The respondent argues that petitioner's contentions under this issue should be denied, for the reason that the evidence is not sufficient to show that petitioner was regularly carrying on a trade or business within the meaning of the statute. The evidence shows that since 1912 petitioner has derived his income principally from buying and selling real estate, stocks and bonds, underwriting, and lending money; that he entered into from 15 to 25 such transactions annually; that for the past 15 or 16 years he has maintained an office in New Orleans; and that during this time the gross amount of business done was something over a million and a half dollars. Under such conditions, we think it can be said, and we so hold, that the above described activities constituted the operation of a trade or business regularly carried on by the petitioner. *T. I. Crane*, 17 B. T. A. 720; *Edward H. Baker*, 17 B. T. A. 733; *W. H. Ostenberg*, 17 B. T. A. 738; *E. D. Anthony*, 20 B. T. A. 5; *C. C. Huxford*, 20 B. T. A. 39; and *Harry F. Harper*, 20 B. T. A. 143.

It only remains for us to determine the amount of the net loss for the year 1922, computed under the provisions of section 204 (a), *supra*. The evidence does not show whether the interest and taxes paid during 1922 were in connection with petitioner's business. In the absence of such evidence, we must hold they were not. The " net loss " for 1922 is, therefore, the amount of $18,110.10, computed as follows:

| | |
|---|---:|
| Loss on American Cities Co. stock | $30,365.37 |
| Office rent and office expenses | 554.00 |
| | 30,919.37 |
| Less: Gross income | 12,809.27 |
| Net loss | 18,110.10 |

See *H. J. Schlesinger*, 5 B. T. A. 943,946.

The net loss of $18,110.10 is $9,002.83 in excess of petitioner's net income for the taxable year 1923. It follows that, under the provisions of section 206 (e) of the Revenue Act of 1924, *supra*, the amount of $9,002.83 should be allowed as a deduction in computing the net income for the taxable year 1924. The deficiency for the year 1924 should be redetermined accordingly. Since petitioner had no net loss for the year 1924, the respondent's determination with respect to the year 1925, is approved.

*Judgment will be entered under Rule 50.*