## HOWARD v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5863.

Circuit Court of Appeals, Sixth Circuit.

March 11, 1932.

Harry C. Howard, of Kalamazoo, Mich., for petitioner.

Hayner N. Larson, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, S. Dee Hanson, C. M. Charest, and Nina N. Gluckstein, all of Washington, D. C., on the brief), for respondent.

Before HICKS and HICKENLOOPER, Circuit Judges, and TUTTLE, District Judge.

HICKENLOOPER, Circuit Judge.

Prior to 1922, petitioner had purchased, at par, $5,000 par value of the preferred capital stock of the Eddy Paper Company, a Michigan corporation. Thereafter the company became financially embarrassed and its capital was seriously impaired on November 5, 1922, when, in an effort to save some of the investment of its stockholders, the Eddy Paper Company, of Michigan, sold all of its assets to the Eddy Paper Corporation, organized under the laws of Illinois, for the sum of $625,000 and the assumption of all of the debts and liabilities of the vendor. This purchase price was paid by giving a

ninety-day note, which was accompanied by an option to the Michigan corporation to purchase from the Illinois corporation all or any part of 31,250 shares of the common capital stock of the latter company at the price of $20 per share (an aggregate of $625,000). Thereafter the Michigan corporation exercised this option, paying for the capital stock thus purchased by redelivery of the $625,000 note. The petitioner's interest in the stock so purchased amounted to 75 shares having a market value of $1,750. The question for determination is whether the petitioner sustained a loss in 1922 of $3,250, or the difference between the value of his interest in the common stock of the Illinois corporation and the original investment of $5,000 in the preferred stock of the Michigan corporation. The Commissioner denied the deduction, and this action was affirmed by the Board of Tax Appeals.

Section 214 (a) (5) of the Revenue Act of 1921, c. 136, 42 Stat. 227, 239, permits deduction of "losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business." Under this provision losses may be deducted only where they result from or are evidenced by closed transactions. Deeds v. Commissioner, 47 F.(2d) 695 (C. C. A. 6), and cases there cited. If there be what in truth and substance amounts to a final disposition of an investment in the capital stock of a corporation, whether this disposition be by sale for cash or by exchange for other securities having a definitely ascertainable market value, the transaction is as definitely closed, and the loss deductible, as where such loss is otherwise clearly evidenced by some "identifiable events," United States v. S. S. White Dental Mfg. Co., 274 U. S. 398, 47 S. Ct. 598, 600, 71 L. Ed. 1120, or where the value of the stock, although the shares be still held, has "become finally extinct," Royal Packing Co. v. Commissioner, 22 F.(2d) 536 (C. C. A. 9); De Loss v. Commissioner, 28 F.(2d) 803 (C. C. A. 2). The only question in the present case, therefore, is whether the transactions of November, 1922, in substance and effect amounted to a disposition by the petitioner of his investment in the Eddy Paper Company, the Michigan corporation, which closed and completed that investment transaction, or whether the sale of the assets of the Michigan corporation, the delivery of the note, the granting of an option to purchase stock in the Illinois corporation, and the ac-

quisition by the petitioner of a proportionate interest in such stock of the Illinois corporation so purchased, amounted to a "reorganization" within the meaning of section 202 (c) (2) of the Revenue Act of 1921 (42 Stat. 229).

The section of the 1921 act just cited provides that: "When in the reorganization of one or more corporations a person receives in place of any stock or securities owned by him, stock or securities in a corporation a party to or resulting from such reorganization," no gain or loss shall be recognized. The word "reorganization" is defined by the section itself as including merger and consolidation (including the acquisition by one corporation of substantially all the properties of another corporation). Had the substance of what was contemplated and done been a disposition of the assets of the Michigan corporation for the sum of $625,000, paid or to be paid in cash, whether such sum was in fact temporarily paid by a ninety-day note or by other evidences of indebtedness in amounts certain, and whether such other evidences of indebtedness were held by the vendor company, or were then or subsequently distributed among the preferred stockholders, we do not doubt that the petitioner would be entitled to deduct the loss claimed; but we cannot see in the transaction disclosed by the present record aught but a financial reorganization of the Michigan corporation wherein and whereby the preferred stockholders were to acquire a proportionate interest in common stock of the Illinois or purchasing corporation.

The evidence discloses that there was some doubt whether the Michigan corporation law permitted a corporation to sell its assets for anything but cash. The note was given to allay such misgivings, but it would seem clear that the course pursued was merely a subterfuge whereby assets could be purchased with stock. There was, it would seem, no intention to pay the note in cash. The giving of the note with the accompanying option was merely the means whereby the preferred stockholders were to acquire an interest of diminished value in the new corporation in exchange for and in lieu of their stock in the old. The present case falls within the letter of section 202 (c) (2) of the Revenue Act of 1921, and, we think, also within its spirit. The transaction would therefore not be closed until the petitioner eventually disposed of his stock in the Illinois corporation or until its value finally be-

came extinct within the meaning of the Royal Packing Company and De Loss Cases above cited.

Affirmed.