ALFRED HAFNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 48389, 57132. Promulgated October 16, 1934.

*Newton K. Fox, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

OPINION.

LEECH: The record contains considerable evidence seeking, apparently, to establish that respondent erred in including in petitioner's income, the entire net profits derived from G. E. Stechert & Co. during the years here involved, upon the ground that one half of such income was that of his wife. Neither in the petition nor the amendments thereto, made at the hearing, is that error assigned nor facts declared sustaining it. Ordinarily, at least, such failure is fatal to the consideration of an issue, thus formally raised for the first time on brief. *Jean Conrad*, 27 B. T. A. 741; *Coosa Land Co.*, 29 B. T. A. 389. Moreover, the evidence on this question is unconvincing. The petitioner, though returning only one half the gains, dividends, and interest derived from the ownership and sale of real estate and securities, here formally in issue, returned as his own income for all the years here involved, the entire net income received from G. E. Stechert & Co. The evidence that in 1916 petitioner created a partnership by giving his wife a 4 percent interest and his sister-in-law a 1 percent interest in the business, the status of which ownership during the years now involved is not explained, even considered with petitioner's reason therefor, is inconsistent with his

primary position that his wife owned a one-half interest through his ownership in the business. Upon this failure in pleading and proof, we sustain the respondent as to that item.

The principal issue remaining here is, Did petitioner and his wife own jointly, one-half interest each, excepting only the petitioner's interest in G. E. Stechert & Co., all of the securities and real estate owned by them, so that, each was entitled to one half of the gains, dividends, and interest derived from such investments and each was entitled to a deduction of one half of the expenses, interest, depreciation, and losses sustained in connection with such investments? No question has been raised as to the allowable deductions, except as to the deduction of $2,600 claimed for 1926 as a loss sustained on worthless stock.

The evidence submitted by petitioner and his wife is clear, convincing, and uncontradicted upon this question. In 1894 petitioner and his wife established a joint bank account to which the wife contributed a substantial sum. Whether they each deposited an equal sum of money is immaterial, for where money is deposited in a bank in the name of husband and wife, it will be presumed to belong to each equally. *Witherow* v. *Lord*, 41 App. Div. 413; 58 N. Y. S. 778. Furthermore, at that time petitioner and his wife agreed that all their money and property should be owned jointly, a one-half interest each, and such agreement has continued throughout the succeeding years, including those here in controversy. Their original commingled joint funds and through the years the increments thereto, have been invested in various properties. Under the Married Woman's Acts of New York, a wife is regarded as *sole* with regard to her property rights and may unite with her husband in the purchase of property with her separate funds and where husband and wife each contribute to a joint investment, they become tenants in common, each having all the rights and incidents of such ownership. *In re Albrecht's Estate*, 136 N. Y. 91; 32 N. E. 632; *In re Baum*, 121 App. Div. 496; 106; N. Y. S. 113; *Wilcox* v. *Murtha*, 41 App. Div. 408; 58 N. Y. S. 783.

Upon consideration of the facts in this case and the law of New York, we conclude that the beneficial ownership of all of the property, real and personal, except the interest in G. E. Stechert & Co., held by petitioner and/or his wife during the years in question, was owned jointly, each owning a one-half interest. Accordingly, petitioner is taxable upon only one half of the income from such investments and entitled to deductions of only one half of the expenses, interest, depreciation, and losses in connection therewith (cf. *Norman B. Livermore & Co.*, 11 B. T. A. 428; *First National Bank of*

*Duluth, Administrator*, 13 B. T. A. 1096; *Warren MacPherson*, 19 B. T. A. 651; *Stewart Forshay*, 20 B. T. A. 537), and the respondent erred in determining otherwise.

With reference to the claimed loss of $2,600 in the year 1926, section 214 (a) (5) of the Revenue Act of 1926 provides for a deduction of " Losses sustained during the taxable year * * *." The loss on the stock was *sustained* in the year in which the stock actually became worthless, *Forbes* v. *Commissioner*, 62 Fed. (2d) 571. Petitioner has shown only that the worthlessness was ascertained in 1926 and has failed to establish the year in which the worthlessness occurred. Respondent's disallowance of a deduction in 1926 on account of such alleged loss, is sustained.

*Decision will be entered under Rule 50.*