### BURNS v. COMMISSIONER OF INTERNAL REVENUE.

No. 6681.

Circuit Court of Appeals, Sixth Circuit.
April 12, 1935.

George P. Bickford, of Cleveland, Ohio (A. C. Dustin, A. M. Van Duzer, and Mc-Keehan, Merrick, Arter & Stewart, all of Cleveland, Ohio, on the brief), for petitioner.

L. A. Buck, of Washington, D. C. (only Frank J. Wideman, Sewall Key, and Carlton Fox, all of Washington, D. C., on the brief), for respondent.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

MOORMAN, Circuit Judge.

In 1922 the Sandusky Cement Company acquired a deposit of limestone at Silica, Ohio. The only railroad serving Silica was the Toledo, Angola & Western Railway Company, which was without adequate facilities and was insolvent. The cement company purchased all the capital stock and bonds of the railway company for $175,000, paying $25,000 in cash and executing for the remainder five promissory notes of $30,-000 each, payable in one, two, three, four, and five years, respectively. To secure the payment of the notes the cement company deposited with a bank as trustee for the seller the stock and bonds which it had purchased. Thereafter it advanced money to the railway company for the rehabilitation of its property. Shortly after the payment of the last note on September 26, 1925, the railway company converted its stock into no par value shares and issued $300,000 of par value bonds on its properties to refund its former issue of bonds held by the cement company. The new bonds were delivered to the cement company upon its surrender of the old bonds.

In 1926, and for many years prior thereto, petitioner's decedent was a stockholder of the cement company. On January 1, 1926, the cement company distributed to its stockholders the bonds of the railway company. In the distribution petitioner's decedent received bonds of the railway company having a fair market value on that date of $8,910.08. Decedent did not include the value of these bonds in her income tax return for 1926. The Commissioner held that they constituted a dividend in the amount of their value as of the date received and determined a deficiency accordingly. The Board of Tax Appeals sustained the Commissioner. 28 B. T. A. 28. The petitioner contends that the bonds were distributed as a result of a reorganization of the cement company in 1922 or in 1925

and did not constitute taxable income to the decedent as of the date she received them.

Section 203 of the Revenue Act of 1926 (26 USCA § 934) provides that if in pursuance of a plan of reorganization there is distributed to a shareholder in a corporation, a party to the reorganization, securities in another corporation, a party to the reorganization, without the surrender by such shareholder of stock in such corporation, no gain to the distributee from the receipt of such securities shall be recognized. It defines "reorganization" as meaning: "(A) a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation * * *), * * * or (C) a recapitalization, or (D) a mere change in identity, form, or place of organization, however effected." 26 USCA § 934 (h) (1) (A, C, D).

It was held in Pinellas Ice Co. v. Commissioner, 287 U. S. 462, 470, 53 S. Ct. 257, 260, 77 L. Ed. 428, that the words within the parenthesis in this definition "expand the meaning of 'merger' or 'consolidation' so as to include some things which partake of the nature of a merger or consolidation but are beyond the ordinary and commonly accepted meaning of those words," but that "the mere purchase for money of the assets of one company by another is beyond the evident purpose of the provision, and has no real semblance to a merger or consolidation." The opinion approves Cortland Specialty Co. v. Commissioner (C. C. A.) 60 F.(2d) 937. In that case the petitioner sold the greater part of its assets for $212,820, the buyer paying $53,070 in cash and executing its notes for the balance payable within a year, and it was held that the transaction was a sale and not a reorganization. Like rulings have been made on somewhat similar facts in Commissioner v. Moore (C. C. A.) 48 F.(2d) 526, and Corbett v. Burnet, 60 App. D. C. 202, 50 F.(2d) 492, and see Gregory v. Helvering, 55 S. Ct. 266, 79 L. Ed. ——, January 7, 1935. Howard v. Commissioner, 56 F.(2d) 781, 782 (6 C. C. A.), is distinguishable because there it was expected from the beginning that the stockholders of the old company would receive stock in the new company, and although a note was given for the old stock, there was no "intention to pay the note in cash," and it was used only as a means of converting the stock in the old

company into stock in the new company. In the case at bar the railway company and its stockholders never received any stock or bonds of the cement company. The notes of the cement company given to the seller of the stock and bonds of the railway company did not transfer to such seller a sufficiently definite interest in "the affairs" of the cement company to give the transaction a "real semblance to a merger or consolidation." There was a mere purchase for money of the stock and bonds of the railway company and no reorganization in 1922 within the meaning of the statute. The decedent received the railway bonds because she was a stockholder of the cement company and not as a result of her ownership of any interest in the railway company. The changing of the par value of the stock of the railway company and the refunding of its bonds in 1925 was not a "recapitalization" or reorganization of the cement company.

The order of the Board of Tax Appeals is affirmed.