*Decision will be entered under Rule 50.*

CLAUDE D. CASS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 75521.  Promulgated June 7, 1935.

*John E. McClure, Esq.*, for the petitioner.
*T. G. Histon, Esq.*, for the respondent.

716

OPINION.

ARUNDELL: In the notice of deficiency the respondent states that the loss deduction claimed by petitioner "has been disallowed for the reason that this office holds that the stock became worthless prior to 1931." In a written stipulation of facts filed prior to the hearing, it is stated, "The respondent disallowed this loss on the ground that the stock was worthless prior to 1931." The one error alleged in the petition for redetermination is the finding of the Commissioner that the stock was worthless prior to 1931. This allegation of error is denied in the respondent's answer. On this state of the record we have presented for decision the single question of whether the respondent erred in his determination that the Railway Co. stock was worthless prior to 1931. As the issue is thus narrowly framed we have no occasion to go into other matters which obtrude in a reading of the facts, for instance, the question of the bona fides of the sale in 1931.

A deduction for worthless stock may be taken in the year in which the stock becomes worthless, art. 177, Regulations 77; art. 23 (c) (4), Regulations 86, and in the case of worthlessness the owner has no option to take the loss in a later year on a sale for a nominal amount, *De Loss* v. *Blair*, 28 Fed. (2d) 803; *Jessie S. Meachem*, 22 B. T. A. 1091; *Harry C. Kayser*, 27 B. T. A. 816. But where stock is not in fact worthless in the year of sale for a nominal amount, the holder is not precluded from taking a loss deduction on another sale of similar stock in a subsequent year. *Elliott R. Corbett*, 28 B. T. A. 46; *J. Harvey Ladew*, 22 B. T. A. 443.

In the present case the petitioner's evidence against the respondent's determination of worthlessness was, in substance, that the Railway Co. has been in continuous existence and operation ever since organization and that it has always had earnings, has never been in receiver-

ship or bankruptcy, and has never been in process of liquidation. Respondent, on the other hand, points to losses sustained by the Railway Co. over a period of years, to the mounting deficit of the company, and its annually increasing amount of unpaid interest.

The determination of the respondent is prima facie correct, *Brown* v. *Commissioner*, 22 Fed. (2d) 797; *Bishoff* v. *Commissioner*, 27 Fed. (2d) 91, and it " presumably rests on a correct determination of the facts." *Old Mission Portland Cement Co.* v. *Helvering*, 293 U. S. 289. " The burden of disproving a deficiency as determined by the Commissioner is recognized to be upon the taxpayer." *Bishoff* v. *Commissioner*, *supra*. Having in mind these rules, we inquire whether petitioner's evidence establishes error in the respondent's finding of worthlessness of the stock prior to 1931.

Petitioner offered no direct evidence as to the value of the stock in any year. His nearest approach to it is his testimony that he has always considered the stock to be of value. Despite his long connection with the corporation his knowledge concerning any sales of the stock was limited to one, other than his own, and he did not know the price in that case. His own sales can hardly be said to be indicative of value, one being at the rate of 8⅓ cents per share, the second at $1.50 per share, and the third at 25 cents per share. The last two were made to persons who naturally would give the petitioner the benefit of any doubt as to the worth of the stock. The circumstances were not such as to affirmatively establish a value.

Continued operation of a corporation does not in itself demonstrate that the stock had worth. *Gilbert H. Pearsall*, 10 B. T. A. 467; *Floyd E. Poston*, 17 B. T. A. 921. Particularly is this true in the case of railroads and other public utilities, which are often required by public utility commissions to continue operations long after reaching the state of hopeless insolvency and when it is obvious that there is not the slightest possibility of the stockholders ever realizing anything on their investment. While the corporation had gross income in each year prior to and in 1931, that gave no value to the stock, inasmuch as it was far from sufficient to meet fixed charges. The ever mounting deficit is at least an indication of decreasing value of the stock. The deficit increased from $2,954,891.35 in 1926 to $4,718,326.97 in 1931. In the same period the unpaid interest more than doubled. It was $2,251,684.27 in 1926 and $4,580,273.30 in 1931. This situation would not inspire hope for the salvaging of the stock investment. In the face of these facts we are of the opinion that the petitioner's showing of continuous operation and the absence of receivership or bankruptcy is insufficient to establish error in the respondent's determination of worthlessness of the stock prior to 1931.

Reviewed by the Board.

*Decision will be entered for the respondent.*