## BAIR v. UNITED STATES.

District Court, E. D. Pennsylvania.
Aug. 13, 1937.

No. 18610.

Horace M. Schell, of Philadelphia, Pa., for plaintiff.

Thomas J. Curtin, Asst. U. S. Atty., and Charles D. McAvoy, U. S. Atty., both of Philadelphia, Pa., and James W. Morris, Asst. Atty. Gen., for the United States.

MARIS, District Judge.

This is a suit against the United States for the refund of income tax claimed by the petitioner to have been erroneously paid for the year 1930. From the evidence I make the following special findings of fact:

For more than two years prior to December 27, 1930, petitioner owned 2,510 shares of stock of the Aldine Trust Company, of Philadelphia, Pa., hereinafter referred to as the Trust Company. On that date the Trust Company closed its doors and its property and affairs were taken over for the purpose of liquidation by the Secretary of Banking of the Commonwealth of Pennsylvania, pursuant to statutory authority. At the time of its closing the Trust Company carried on its books some 17,500 accounts, evidencing a deposit liability of $4,137,449. On December 31, 1930, the shares of stock of the Trust Company had become entirely worthless.

On December 31, 1930, petitioner sold 2,010 shares of her Trust Company stock for which she received a gross price of $100. The cost of the sale for commissions and taxes amounted to $512.54.

On or about March 15, 1931, petitioner filed her income tax return for the year 1930 in which she reported a net income of $92,373.06 and showed a tax due thereon of $10,213.99, all of which she paid to the collector of internal revenue at Philadelphia in installments during the year 1931. In computing her taxable net income as shown in her return, she deducted from gross income the sum of $32,060 as a loss sustained upon the sale of the said 2,010 shares of stock.

In auditing petitioner's return for 1930, the Commissioner of Internal Revenue determined the cost basis of said shares of stock to be $49,426, and computed her loss from the sale thereof to be $49,838.54 by adding to the cost basis $412.54 which was the expense of the sale over and above the amount received thereby. This loss he treated as a capital net loss and as such subject to the limitation of section 101 (b) of the Revenue Act of 1928 (26 U.S.C.A. § 101 note), instead of as an ordinary loss deductible under section 23 (e) of the act (26 U.S.C.A. § 23 note), and he assessed an additional income tax for 1930 of $1,787.08 against the petitioner. This additional tax with interest thereon of $117.04 was paid by petitioner to the collector on April 20, 1932.

Petitioner made no effort in the year 1930 to dispose of the remaining 500 shares of Trust Company stock which she held. In her income tax return for 1931 she deducted the cost of these 500 shares as a loss sustained during that year. This loss, however, was disallowed by the Commissioner pending the determination of this suit.

Thereafter she filed an amended income tax return for the year 1930 together with claims for the refund of $7,307.38 paid as income tax for 1930. These claims were based upon her contention

that the loss allowed by the Commissioner on 20,010 shares of the Trust Company stock should not have been treated as a capital net loss but as an ordinary loss sustained by reason of the stock having become worthless, and that in addition thereto a further loss of $12,034 should have been allowed on the 500 additional shares which also became worthless in 1930. These claims for refund were rejected by the Commissioner on April 6, 1934, whereupon petitioner brought this suit.

Other facts which may be material appear in the statement of agreed facts filed by the parties at the hearing, which statement is incorporated herein by reference.

■ But two questions are involved in this case. The first is whether petitioner is entitled to the deduction as a loss in the computation of her taxable net income for 1930 of the cost of 500 shares of stock of the Trust Company upon the ground that the shares became worthless in that year, as I have found was the fact. This question must be decided in favor of the petitioner. In re Hoffman (D.C.) 16 F.Supp. 391, affirmed sub nom. Yocum v. Rothensies (C.C.A.) 87 F.(2d) 200. This is conceded by the Government and requires no further discussion.

■ The second question is whether the petitioner is also entitled to deduct the loss on the remaining 2,010 shares as an ordinary loss resulting from these securities becoming worthless in 1930, or whether her loss must be treated as a capital net loss resulting from the sale of securities held more than two years, as the Government contends. In considering this question it must be borne in mind that these shares were actually worthless on December 31, 1930, when the petitioner attempted to sell them. If this were not otherwise clear, it would be obvious from the fact that she derived nothing from the so-called sale but actually paid out in commissions and taxes $412.54 more than she received. She did, however, unquestionably go through the form of a sale, undoubtedly with the purpose of fixing a tax loss. Having done so, the Government contends that she is bound by the procedure which she herself chose and cannot now change her position and claim a loss based on the worthlessness of the shares rather than their sale.

This might well be so if the sale which she made was such in reality, so that it could have reflected a loss. As I view it, however, in order to realize a loss by sale it is necessary that the security sold must have some remaining value. Otherwise the sale is a pure fiction and cannot form the basis for a loss. In such a case, regardless of what the taxpayer may mistakenly have done, it seems clear to me that the loss which she sustained in fact resulted from the worthlessness of her securities and not from their sale. De Loss v. Commissioner of Internal Revenue (C.C.A.) 28 F.(2d) 803, 804; Walter W. Moyer v. Commissioner, 35 B.T.A. 1155. The following language of Judge Learned Hand in De Loss v. Commissioner of Internal Revenue, supra, is peculiarly applicable to this case: "Moreover, we understand this to be not merely a rule of convenience, but to inhere in the essence of income arising from capital gains or losses. Nevertheless, we think it inapplicable when the security can no longer fluctuate in value, because its value has become finally extinct. In such cases a sale is necessarily fictitious; it establishes nothing, and cannot be intended to do so, for there is no variable to determine. To extend the usual doctrine so far would serve only to allow a taxpayer to manipulate his loss."

This was followed in Walter W. Moyer v. Commissioner, supra, in which Board Member Arundell said: "While the sale of the stock at auction at the end of 1933 was a bona fide sale in the sense that it was an actual and not an accommodation sale, it was a futile and expensive gesture, unnecessary to establish the loss, since the stock was worthless prior thereto. Peter Doelger Brewing Co., 22 B.T.A. 1176. 'In such cases a sale is necessarily fictitious; it establishes nothing * * *.' De Loss v. Commissioner [C.C.A.] 28 F.(2d) 803; certiorari denied, 279 U.S. 840 [49 S.Ct. 254, 73 L.Ed. 987]. See Claude D. Cass v. Helvering, Com'r, 32 B.T.A. 713, affirmed [C.C.A.] 83 F.(2d) 841; Alfred K. Nippert et al., Executors, 32 B.T.A. 892; William E. Steinback, 30 B.T.A. 1252; Harry C. Kayser, 27 B.T.A. 816; Jessie S. Meachem, 22 B.T.A. 1091; Gilbert H. Pearsall, 10 B.T.A. 467."

■ I think that these cases rule the present one. I am accordingly constrained to hold that the petitioner is entitled to the deduction of the cost basis of her

2,010 shares as a loss sustained by reason of the shares having become worthless in the year 1930.

### Conclusions of Law.

Petitioner's loss of $49,426, upon 2,010 shares of stock of the Trust Company, was an ordinary loss sustained in the year 1930 and deductible under section 23 (e) of the Revenue Act of 1928 and was not a capital loss subject to the provisions of section 101 (b) of the act. Petitioner is, therefore, entitled to have her income tax liability for the year 1930 computed accordingly.

Petitioner's loss of $12,054 on 500 additional shares of stock of the Trust Company was an ordinary loss sustained in the year 1930 and deductible under section 23 (e) of the Revenue Act 1928 (26 U.S.C.A. § 23 note). Petitioner is, therefore, entitled to have her income tax liability for the year 1930 computed accordingly.

Petitioner is entitled to recover from the United States the sum of $7,307.38, with interest from April 20, 1932.

I accordingly find in favor of the petitioner and against the United States in the sum of $7,307.38, with interest from April 20, 1932.