### BRUMDER v. UNITED STATES.

Civ. A. No. 1222.

District Court, E. D. Wisconsin.

Oct. 16, 1944.

---

Arthur A. Mueller, of Milwaukee, Wis., for plaintiff.

B. J. Husting, former U. S. Atty., and Timothy Cronin, U. S. Atty., both of Milwaukee, Wis., for defendant.

DUFFY, District Judge.

This is an action to recover $5,870.53 income tax paid by plaintiff for the year 1940.

In 1928 and 1929 plaintiff acquired 1,051 shares of the common stock of Continental Shares, Inc., at a cost of $35,629.35. On February 26, 1940, he received in exchange for this stock six shares of the common stock of Liquidating Shares, Inc., and two shares of the common stock of Cliffs Corporation, having a combined market value of $50. Plaintiff sold these shares in December, 1940, for $56.50, and claimed a loss for 1940 by reason of such sale, which claim was disallowed.

Continental Shares, Inc., was a Maryland corporation whose capital structure consisted of $38,000,000 of preferred stock and 2,600,000 shares of no par value common stock. Dividends on the common stock were paid from 1927 to January 2, 1931, but none thereafter; no dividends were declared or paid on the preferred stock after December 15, 1930.

Continental Shares, Inc., became involved in financial difficulties. A receiver was appointed by a Maryland State court on June 22, 1933. The stock was suspended from trading on the stock exchange in November, 1933. On December 31, 1933, the liabilities of the company exclusive of the stock liabilities exceeded assets by $2,889,-966.18. At the end of 1933 the over-the-counter market for the common stock was at 6⅔¢ per share, which was about ⅕ of 1% of the price paid by plaintiff. The company was in process of liquidation. The preferred stock (par value $100) was selling at 50¢ to $1 a share. In 1933 the company had in litigation a claim of $30,000,000 against the Chase National Bank. Apparently nothing was realized from that claim and on June 2, 1936, Judge Stanton, one of the judges of the Circuit Court in which the receivership was pending, signed a memo opinion in which he stated. "We need only deal with the interests of the preferred stockholders at this time because there is not the slightest hope that anything could be recovered for the common stockholders, even if the alleged claim of $30,000,000.00 were paid in full. * * *" On May 9, 1938, a plan of reorganization was adopted. It provided for the transfer of the assets of Continental Shares, Inc., to a new corporation, Liquidating Shares, Inc., which was organized on December 15, 1939. The holders of common stock of Continental Shares, Inc., were to receive one share of Liquidating Shares, Inc., for every 200 shares of Continental Shares, Inc., plus one share of the Cliffs Corporation and ⅞ warrant. Plaintiff consented to the plan of reorganization on February 21, 1940. In December of 1940 he sold for $56.50 his stock which he had received in exchange for his former holdings in the common stock of Continental Shares, Inc.

A deduction for loss sustained by a person by reason of the worthlessness of stock may be taken only in the year in which the stock actually became worthless. United States v. S. S. White Dental Manufacturing Co., 274 U.S. 398, 47 S.Ct. 598, 71 L.Ed. 1120; Hall v. Commissioner, 7 Cir., 128 F. 2d 180. The burden of proving that a loss occurred during the year in which a deduction is sought is upon the taxpayer. Reinecke v. Spalding, 280 U.S. 227, 50 S.Ct. 96, 74 L. Ed. 385; United States v. Anderson, 269 U. S. 422, 46 S.Ct. 131, 70 L.Ed. 347; Jones v.

Commissioner of Internal Revenue, 9 Cir., 103 F.2d 681. Whether the taxpayer knew that the stock was worthless at the particular time when the deduction should have been taken is immaterial. Young v. Commissioner of Internal Revenue, 2 Cir., 123 F.2d 597; Hafner v. Commissioner, 31 B.T.A. 338.

A number of identifying events in 1933 show that the common stock of Continental Shares, Inc., became worthless in that year. The company was insolvent. Receivers were appointed. The stock was removed from the stock exchange. The stock for which taxpayer had paid approximately $35 a share was selling on December 31, 1933, at 6⅔¢ a share.

■ Plaintiff earnestly contends that the fact the stock had some nominal value proves conclusively that it was not valueless. However, the authorities seem to be practically unanimous on the proposition that when stock has become worthless in a prior year, a sale in a later year for a nominal amount does not give rise to a deductible loss. Brown v. Commissioner of Internal Revenue, 6 Cir., 94 F.2d 101; Gowen v. Commissioner of Internal Revenue, 6 Cir., 65 F.2d 923; Jeffery v. Commissioner of Internal Revenue, 6 Cir., 62 F.2d 661; De Loss v. Commissioner, 2 Cir., 28 F.2d 803; Wesch v. Helburn, D.C., 5 F.Supp. 581; Smith v. United States, D.C., 16 F.Supp. 393; DeFord v. Commissioner, 19 B.T.A. 339; Carroll v. Commissioner, 20 B.T.A. 1029; Meachem v. Commissioner, 22 B.T.A. 1091; Kayser v. Commissioner, 27 B.T.A. 816; Kramer v. Commissioner, 27 B.T.A. 1043; St. Louis Union Trust Co. v. Commissioner, 30 B.T.A. 370; Cass v. Commissioner, 32 B.T.A. 713, affirmed, 8 Cir., 83 F.2d 841; Moyer v. Commissioner, 35 B.T.A. 1155. Plaintiff cites several cases in which the corporation continued in the operation of its business. These cases can be distinguished from the case at bar because Continental Shares, Inc., was in liquidation.

■ Plaintiff has not maintained the burden upon him to show that his shares of the common stock of Continental Shares, Inc., had any value in 1940. On the contrary it appears that the stock was valueless as early as 1933. Therefore, plaintiff is not entitled to claim a loss in 1940 upon the sale of the shares in Liquidating Shares, Inc., and Cliffs Corporation.

Judgment must go for the defendant.